UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO. 24-105** |
| | * | |
| | * | |
| **VS** | * | **SECTION: "D"** |
| | * | |
| | * | |
| **VANESSA MOTTA** | * | |
| | * | |
| | * | |

## OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE TRIAL

NOW INTO COURT, through undersigned counsel, comes defendant, Vanessa Motta, who respectfully moves this Court to deny the government's motion to continue the trial of this matter pursuant to the Speedy Trial Act of 1974, 18 U.S.C. § 3161 ("Government's Motion"), for the following reasons:

The Government's Motion sets out three reasons why this Court should continue the trial of this matter: voluminous discovery, potential resolution, and pretrial motion practice. None of these arguments have merit.

Discovery

The Government's Motion states that this case "involves voluminous records, particularly various bank account documents, insurance claims, and other financial records." Rec. doc. 202. In addition, the government "anticipates further discovery to be made in this matter prior to trial." *Id*. The government also notes that there have been technical issues surrounding its receipt and download of the defendant's Federal Rules of Criminal Procedure Rule 16 production, which also

satisfied the production of any potentially responsive Motta Law LLC data contain on that entity's Dropbox account.

These arguments are unpersuasive for several reasons.  First, and most importantly, the government has had all of its discovery for over approximately five years.  The government does nothing to explain or justify why after having these records for five years it needs more time to sort through these records.  The extent to which the government simply failed to put in the work during five years of 40-hour work weeks (whether in person *or* remote) is not justification for continuing this trial.  Second, while there are some bank records that are at issue in this case, the reality is that the critical evidence in this case is witness testimony, which is not voluminous.  Third, the government does not explain why it was not ready to make all of its productions upon receipt of the defendant's written request for discovery, which was delivered on January 7, 2025, and instead is making a rolling production, which is still ongoing (the latest of which was delivered a short time ago today).  Again, the government should at least be required to explain why it has not been able to do this work over the last five years.  Yet the government is silent and that is unacceptable and not a basis to continue this trial.  Undersigned counsel does acknowledge that there have been technical issues surrounding the defendant's Rule 16 production of documents to the government, which was delivered on February 19, 2025.  But, as stated above, the reality of this case is that it is fundamentally not a document case.  This case is about Vanessa Motta's state of mind and lack of knowledge that accidents were staged and not, as the government seems to imply, endless financial records or other documents.

Potential Resolution

As Vanessa Motta stated in open court at her arraignment, she is not guilty.  She has maintained this position since news reporting of staged accidents first made the local press in 2019.

She volunteered to be interviewed by the FBI on one condition – that the FBI record the conversation, which it refused to do. Undersigned counsel has conferred with the government on multiple occasions regarding a potential resolution and maintained that Vanessa Motta's position is firm: she had no idea any accidents were staged. Moreover, undersigned counsel has made it clear to the government that if indicted, this case will go to trial. For the government to suggest that there is a potential resolution of this matter short of the government dismissing all charges against Vanessa Motta is not credible and not a basis to continue this trial.

<u>Pretrial Motion Practice</u>

Undersigned counsel agrees with the government that there are presently two critical pretrial motions at issue in this case: a motion to sever and motion to determine whether Mr. Garrison's statements to others will be admissible. Yet the government fails to explain why more time is needed to file and resolve these motions (admittedly at least one of which must be made by the defendant, which has yet to be done). All parties know the contours of these issues. Should the March 17, 2025, trial date be held firm, there is no reason why these two motions could not be resolved.

In short, Vanessa Motta has in no way waived her right to a speedy trial under 18 U.S.C. § 3161. Any continuance requested by the Government at this point will directly run afoul to Ms. Motta's Sixth Amendment right to a speedy trial.

Not only will continuing the current trial setting violate Ms. Motta's Sixth Amendment rights, but she will be extremely prejudiced by further delay. As Ms. Motta awaits trial, she has been suspended from working by the Supreme Court of the State of Louisiana, as well as the Eastern District of Louisiana Court. The result is that she is facing financial ruin. Making this

hardship even more unbearable, Ms. Motta has two young children, including one with server life-threatening illnesses.

WHEREFORE, defendant Vanessa Motta prays that this Court deny the government's motion to continue. Should the Court, however, grant this motion to continue, undersigned counsel respectfully requests a status conference to select the new trial date, which presumptively will be the final date this matter goes to trial.

Respectfully submitted,

*/s/ Sean M. Toomey*
Sean M. Toomey (La. Bar #36055)
LISKOW & LEWIS
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Telephone: (504) 581-7979

**CERTIFICATE OF SERVICE**

I certify that a copy of the above and foregoing pleading has been served upon counsel of record for all parties by electronic filing on this 6 day of March 2025.