

Sean M. Toomey
stoomey@liskow.com
D: 504.556.4118

January 7, 2025

*<u>Via Email</u>*

Matt Payne, Assistant United States Attorney
Brian Klebba, Assistant United States Attorney
Ryan McLaren, Assistant United States Attorney
United States Attorney's Office
Eastern District of Louisiana
650 Poydras St., Suite 1600
New Orleans, LA 70130

    Re: *U.S. v Motta Law LLC et al*

Dear AUSAs Payne, Klebba, and McLaren:

    Pursuant to Rule 16 of the Federal Rules of Criminal Procedure, *Brady v. Maryland,* 373 U.S. 83 (1963), and its progeny, the Fifth and Sixth Amendments, and the Department of Justice's "Guidance for Prosecutors Regarding Criminal Discovery," we request that, to the extent they are in its possession, custody, or control, the prosecution provide the following documents, information, and other materials to defendants Vanessa Motta and Motta Law LLC (together the "Defendants") as soon as possible in order that we can begin investigating this matter and preparing our defense:

1. Copy of all affidavits to support probable cause for the issuance of any search or seizure warrant issued in connection with this investigation.

2. All written or recorded statements made by Defendants, including but not limited to any materials that purport to reflect, summarize, or otherwise memorialize statements made by Defendants. *See* Fed. R. Crim. P. 16 (a)(1)(A).

3. All oral statements made by Defendants to any person known to be an agent of the Government.[1] *See* Fe. R. Crim. P. 16 (a)(1)(A).

---

[1] For purposes of this Letter the term "Government" includes but is not limited to, the Department of Justice ("DOJ"), including but not limited to the USAO for the EDLA, and any other law enforcement agency assisting in this investigation.

# Liskow

January 7, 2025

4. All documents and objects that the Government presently intends to use in any way as part of its case-in-chief. *See* Fed. R. Crim. P 16(a)(1)(E)(ii).

5. All documents and objects that the Government obtained directly from Defendants. *See* Fed. R. Crim. P. 16(a)(1)(E)(iii).

7. All documents and objects material to the preparation of Defendants' defense. *See*. Fed. R. Crim. P. 16(a)(1)(E)(I).

   (a) All communication and correspondence between Defendants and the co-conspirators or any confidential informant utilized by the Government in this investigation.

8. A written summary of any opinion testimony that the Government presently expects to introduce at trial pursuant to Federal Rules of Evidence 702 or 703, including a description of such testimony, the bases and reasons for such testimony, and the witness's qualifications to provide such testimony. *See* Fed. R. Crim. P. 16(a)(I)(G).

9. A description or summary of any evidence or testimony that the Government presently expects to introduce under Federal Rule of Evidence 1006, and the documents, materials, or information underlying such evidence or testimony.

10. The names and contact information of any person the Government presently intends to call as a witness at trial, including, if applicable, the contact information for any attorney representing such individual in connection with the Superseding Indictment.

11. The identity of all "cooperating witnesses" and, if applicable, the attorney representing each such cooperating witness.

12. A description of all promises, rewards, or inducements offered to any fact or expert witness that offered the Government information regarding Defendants, testified before the grand jury that issued the Superseding Indictment against Defendants, or that the Government presently expects to call as a witness in this matter.

13. With respect to any witness that the Government presently expects to call as part of its case-in-chief, all statements to which Defendants would be entitled pursuant to the Jencks Act, 18 U.S.C. § 3500, and Rule 26.2 of the Federal Rules of Criminal Procedure.

14. With respect to any witness that the Government presently expects to call as part of its case-in-chief, all memoranda of interview created by the Government with respect to that witness (e.g. FBI 302s).

15. All evidence that tends to impeach the testimony of any potential government witness, including but not limited to records and information revealing prior criminal convictions or guilty verdicts.

# Liskow

January 7, 2025

See "Guidance for Prosecutors Regarding Criminal Discovery," at Step 3; *Giglio v. United States*, 405 U.S. 150 (1972).

16. With respect to any witness that the Government presently intends to call at trial, all records information, or allegations of prior misconduct, criminal acts, or bad acts of which the Government knows or through reasonable diligence should have reason to know. *See* "Guidance for Prosecutors Regarding Criminal Discovery," at Step 3.

17. With respect to any witness that the Government presently intends to call at trial, all information that tends to indicate that such witness has a character for untruthfulness, reputation for untruthfulness, or a prior history of untruthfulness. *See* "Guidance for Prosecutors Regarding Criminal Discovery," at Step 3; *see also* Fed. R. Evid. 608(a)-(b).

18. A description of all statements made by the Government to any potential witness of counsel for such witness that pertain in any way to any government matter involving the witness or anyone related to blood or marriage to the witness.

19. Any written or oral statement, whether or not reduced to writing, made by any potential Government witness that contradicts, is inconsistent with, or different from other oral or written statements he or she has made. *See* "Guidance for Prosecutors Regarding Criminal Discovery," at Step 3.

20. A list of the names of all individuals or entities from whom the Government obtained information that was used in connection with the preparation of the Superseding Indictment.

21. All correspondence or other communications between the Government and Defendants related to the Superseding Indictment of any other Government investigation of Defendants.

22. To the extent the Government is aware, a detailed description of any evidence relating to the allegations in the Superseding Indictment that has been destroyed or lost or that is not in the Government's possession, custody, or control.

23. To the extent not specifically requested above, all exculpatory or impeaching material in the Government's possession, custody, or control, including but not limited to statement from non-charged attorneys and/or paralegals involved in any collision at issue in this investigation, statements from any and all doctors and/or medical professionals involved in any collision at issue in this investigation, statements from all attorneys involved in any collision at issue in this investigation, and all items listed in Cornelius Garrison's FBI 302 reports. *See Brady v. Maryland*, 373 U.S. 83 (1963).

24. The names and addresses of all persons that the Government believes possess relevant knowledge or information regarding the allegations or charges in the Superseding Indictment but whom the Government does not presently intend to call as witnesses at trial.

Liskow

January 7, 2025

25. Personnel records of any Government official, agent, or employee who participated in any investigation or grand jury proceeding against Defendants or who the Government presently expects to testify at trial.

26. Records of any disciplinary investigation, disciplinary action, or judicial determination of misconduct taken against any Government official, agent, or employee who participated in any investigation or grand jury proceeding against Defendants or who the Government presently expects to testify at trial.

27. Records of any formal or informal commendation, award, or recognition, or request for commendation, award, or recognition, presented to or made by or on behalf of any Government official, agent or employee for their participation in any investigation or grand jury proceeding against Defendants.

28. Plea agreements, letter agreements, correspondence, or other writings pertaining to proffer sessions, criminal charges, criminal deposition, or criminal or civil resolution of any matters against any potential government witness.

In addition to the foregoing requests, we also request that, as a predicate to any future motion practice under Rule 12 of the Federal Rules of Criminal Procedure, the prosecution provide Defendants notice and/or copies of the following:

29. Whether any evidence in the Government's possession, custody, or control was obtained by a search and seizure and, if so, the search warrant under which evidence was obtained and a description of such evidence.

30. Details regarding any searches conducted in the course of this investigation, regardless of whether the Government intends to introduce at trial the items seized in the search.

31. Whether any evidence in the Government's possession, custody, or control was obtained through any electronic or mechanical surveillance or tape recording and, if so, a description of such evidence.

32. Whether any evidence in the Government's possession, custody, or control was obtained through the use of a beeper or other tracking device and, if so, a description of such evidence.

33. Whether any evidence in the Government's possession, custody, or control was obtained through a mail cover or pen register and, if so, a description of such evidence.

34. Whether any persons were present during grand jury proceedings other than the grand jurors, witnesses, court reporters, and DOJ attorneys.

# Liskow

January 7, 2025

35. Whether any grand jury materials were disclosed or released to any person other than the grand jurors, witnesses, court reporters, and DOJ attorneys and, if so, a copy of any court orders authorizing such disclosure and the identity of all persons who received the disclosure.

36. Whether, should Defendants testify on their own behalf, the Government will attempt to rely upon specific instances of conduct for the purpose of impeachment and, if so, a description of such instances of conduct.

37. Whether the Government presently intends to introduce at trial prior crimes, wrongs, or acts allegedly committed by Defendants in order to prove motive, scheme, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident and, if so, a detailed description of such crimes, wrongs, or acts. *See* Fed. R. Evid. 404 (b)

38. Whether the Government presently intends to admit at trial under Federal Rule of Evidence 801(d)(2)(A) any statements made by Defendants and, if so, a description of such statements.

39. Whether the Government presently intends to admit at trial under Federal Rule of Evidence 801(d)(2)(B)-(E) any statements made by someone other than Defendants, and, if so, a description of such statements.

40. Whether the Government presently intends to offer any hearsay evidence under the "residual exception," *See* Fed. R. Evid. 807 and, if so, a description of such evidence and the reasons why it qualifies for admission.

41. Memoranda and any written notes of interviews created by the Government (*e.g.* FBI 302s) with respect to any individual that offered information relating to the allegations in the Superseding Indictment, regardless of whether the Government presently intends to call such individual as a witness at trial.

When producing material that is responsive to the above requests, please identify the request which the material is responsive. If the prosecution declines to provide any information requested in this letter, please advise us of the prosecution's objection so that we can consider bringing any dispute to the attention of the Court. In addition, please consider each of the above requests as continuing in nature.

Sincerely,

Sean Toomey

SMT/amr

5



A Professional Law Corporation

Liskow.com

701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139
Main 504.581.7979
Fax 504.556.4108

March 14, 2025

Sean M. Toomey

Direct: (504) 556-4118
stoomey@Liskow.com

Matt Payne, Assistant United States Attorney
Brian Klebba, Assistant United States Attorney
Ryan McLaren, Assistant United States Attorney
United States Attorney's Office
Eastern District of Louisiana
650 Poydras St., New Orleans, LA 70130

Re: *US v. Vanessa Motta*

Dear AUSAs Payne, Klebba, and McLaren:

    I have reviewed the discovery material you have produced thus far, which currently is comprised of eight government productions. I have been unable to locate certain material I expected to find in those productions.

    One aspect of proving criminal liability in connection with any/all of these collisions is the requirement of establishing that Vanessa Motta knew that the collision(s) at issue were fraudulent or staged. The government has made it clear that it intends to prove this required intent by seeking to introduce statements by Cornelius Garrison, who is deceased, via the "forfeiture by wrongdoing" exception to the hearsay rule (as well as presumably testimony from Ryan Harris, who has pleaded guilty). In addition, the government also made it clear that it plans to also prove Vanessa Motta's knowledge and intent by arguing she was willfully blind to the fraud, i.e., "You may find that a defendant had knowledge of a fact if you find that the defendant deliberately closed his [her] eyes to what would otherwise have been obvious to him [her]. While knowledge on the part of the defendant cannot be established merely by demonstrating that the defendant was negligent, careless, or foolish, knowledge can be inferred if the defendant deliberately blinded himself [herself] to the existence of a fact." Fifth Circuit Pattern Jury Instructions.

    As a result, a defense to such charges is evidence that these particular collisions were not atypical, otherwise suspicious, or likely to generate questions as to their legitimacy. *See United States v. Riley*, 550 F.2d 233 (5th Cir. 1977); *United States v. Rubin*, 591 F.2d 278 (5th cir. 1979). As such, evidence that other individuals similarly situated to the defendant failed to appreciate or understand that the collisions at issue were fraudulent is not only relevant to the defense of these charges, but also evidence that constitutes "Brady material," meaning evidence that might be "favorable to the accused." *United States v. Mix*, 2:12-cr-00171-SRD-ESS (E.D. La.), Order (Dec. 11, 2012). For example, if a lawyer who initiated one of the cases at issue made statements to the federal government to the effect of not being aware of the

alleged fact that the accidents at issue were staged, the defendant might investigate the basis that other lawyer made the statement. Similarly, if a doctor involved was similarly "duped" by others into believing these accidents were legitimate, the defendant might be able to investigate the reasons why said doctor had that belief. In addition, learning what others thought or believed will assist the defense selecting which witnesses to call to testify at trial, which is a critical part of this defense. As a result, any evidence obtained by the government from other lawyers, doctors, or others working on behalf of the plaintiffs involved in the accidents at issue in this prosecution, is not only relevant to the defense of these claims, but is also in fact material that constitutes "Brady material" under federal law.

Similarly, any statement made by a witness to the government denying knowledge that the accidents at issue in this superseding indictment were staged or fraudulent are critical "Brady material." To the extent such statements exist, the defendant might be able to investigate those statements, the basis on which the statement were made, and uncover additional material helpful to the defense. And again, understanding what others thought or believed will assist the defense selecting which witnesses to call to testify at trial. This is true notwithstanding the fact that such material may, depending on whether that witness ultimately testifies at trial, be Jenck's Act material.

The defendant also considers information and communications provided to the government by lawyers associated with the law firms of Perrier Lacoste, the Dill Law Firm, Leake Anderson, and/or other civil defense attorney also information discoverable under Rule 16 as well as "Brady material" under federal law. In addition to the conspiracy charge returned by the grand jury, Vanessa Motta was also charged with obstruction of justice and witness tampering. Upon information and belief, the government views much of Vanessa Motta's work on behalf of her civil clients as a cover-up of the conspiracy. In order to put on a defense of these claims, the defendant has a right pursuant to Rule 16 to understand what her opposing counsel has told the government. Moreover, to the extent those counsel made statements to the government that misrepresented the truth and the government acted in reliance on those misrepresentations, those statements are considered "Brady material."

The most critical category of the evidence requested above would be any 302 or other reports of investigation created in connection with interviews of the following individuals: Rico Alvendia, Jason Baer, Edwin Shorty, Toni Arnona, Lionel Sutton, Vincent Arnona, Tim Fields, Roderick "Rico" Alvendia, Adam Avin, Dr. John Hamide, Dr. Samer Shamieh, Dr. Eric Lonseth, Dr. Neil Jolly and Dr. Peter Liechty. Please provide such material in your next round of production, to the extent the government has such reports in its possession. Alternatively, to the extent you have such reports but do not believe they are discoverable, please confirm that position.

Sincerely,

*[signature]*

Sean M. Toomey

**Sean Toomey**

| | |
|---|---|
| **From:** | Payne, Matthew (USALAE) <Matthew.Payne@usdoj.gov> |
| **Sent:** | Monday, March 17, 2025 12:59 PM |
| **To:** | Sean Toomey; Klebba, Brian (USALAE); McLaren, Ryan (CRM) |
| **Cc:** | Kaufman, Mary Katherine (USALAE) |
| **Subject:** | RE: [External Email] US v. Motta - Discovery Letter |

**[EXTERNAL EMAIL]**

Sean,

We will continue to comply with our constitutional and discovery obligations. We deny your request for early production of Jencks material, including agent reports, six months before our September 2025 trial date. If you need assistance locating specific materials within the discovery related to a particular collision, please let us know.

FYI, I'm including here AUSA Mary Katherine Kaufman. She participated in our call with you last week and is also enrolled in the case.

Best regards,
Matt

---

Matthew R. Payne
Assistant U.S. Attorney
USAO, E.D. Louisiana
(504) 680-3081 office

**From:** Sean Toomey <SToomey@liskow.com>
**Sent:** Friday, March 14, 2025 11:04 AM
**To:** Payne, Matthew (USALAE) <Matthew.Payne@usdoj.gov>; Klebba, Brian (USALAE) <Brian.Klebba@usdoj.gov>; McLaren, Ryan (CRM) <Ryan.McLaren@usdoj.gov>
**Subject:** [EXTERNAL] US v. Motta - Discovery Letter

Gentlemen,

Please see attached letter regarding the government's production of discovery.

Thanks,
Sean

Sean Toomey
Shareholder



P: 504.556.4118
C: 504.214.8146
stoomey@liskow.com

1

Hancock Whitney Center | 701 Poydras Street | Suite 5000
New Orleans, Louisiana 70139
liskow.com

Liskow & Lewis, A Professional Law Corporation. This communication is solely for the person to whom it is addressed. It contains legally privileged and confidential information. If you are not the intended recipient, you may not forward, disclose, copy, print, or save the message or its attachments. If you have received this message in error, please notify me immediately, and please delete this message.