UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | DOCKET NO. 24-105 |
| | * | |
| VS | * | SECTION: "D" |
| | * | |
| VANESSA MOTTA ET AL. | * | |

**VANESSA MOTTA'S REPLY IN SUPPORT OF HER MOTION TO COMPEL**

NOW INTO COURT, through undersigned counsel, comes Defendant Vanessa Motta, who respectfully submits the following Reply to the Government's Opposition to her Motion to Compel Discovery. As set forth below, the Government's conclusory Opposition offers no support for its argument that need not immediately produce the *Brady* evidence contained in FBI 302 memoranda generated from interviews of individuals similarly situated to Ms. Motta. Accordingly, this Court should grant Ms. Motta's Motion to Compel and order the Government to immediately produce all *Brady* and *Giglio* materials including any FBI 302 memoranda generated from interviews of individuals similarly situated to Ms. Motta.

**I.    INTRODUCTION**

Ms. Motta's Motion to Compel is simply seeking to have the Government uphold its *Brady* obligations—nothing more, nothing less. In its Opposition, the Government tries to sidestep its *Brady* obligations by mischaracterizing Ms. Motta's request as a *Skilling* or *Stanford* issue; however, Ms. Motta's Motion is not asking the Government to scour its produced discovery to search for exculpatory evidence. In fact, nowhere in the Government's Opposition does the Government even allege that it has produced the requested FBI 302s in its voluminous document dump.

To the contrary, in its Opposition the Government maintains the position that it is not required, and does not plan to, produce the requested FBI 302 memoranda at this time. In doing so, the Government runs from the Fifth Circuit precedent that holds that where intent is a necessary element of the crime charged, evidence of custom and industry practice is relevant and admissible. The requested FBI 302 memoranda generated from the interviews of individuals similarly situated to Ms. Motta that were oblivious to the staged accidents and the plaintiffs' fraudulent scheme are exactly the type of evidence of custom and industry practice that the Fifth Circuit has found to be relevant and admissible *Brady* evidence that supports a defense against criminal intent. The mere fact that the Government does not believe that such evidence is relevant or supportive of Ms. Motta's defense is entirely immaterial. Importantly, Ms. Motta is not asking the Government to "prepare both sides of the case," but just to allow Ms. Motta to prepare her own defense as she sees fit.

## II. LAW AND ARGUMENT

The Government does not challenge that *Brady* requires it to produce all evidence favorable to Ms. Motta or that could be used to impeach the testimony of any witness. *See Brady v. Maryland*, 373 U.S. 83, 87 (1963). The Government does not challenge that evidence of custom and general practice is relevant to intent crimes and admissible at trial. The Government also does not argue that the FBI 302 memoranda of the individuals identified in Ms. Motta's Motion to Compel do not exist or do not contain statements to the effect of not being aware of the alleged fact that the accidents at issue were staged.[1] Moreover, the Government does not argue that it has produced

---

[1] Ms. Motta's Motion to Compel is premised on the fact that the interviews of the persons identified in footnotes 3, 4, and 5, took place, that those individuals denied knowledge that collisions were staged, and that FBI 302 memoranda commemorating the interviews were subsequently created. If that is not the case, there would be nothing to produce and therefore this request would be moot.

such FBI 302 memoranda. Instead, the Government merely argues that only Jason Giles and Patrick Keating are "similarly situated" to Ms. Motta, and regardless of whether the FBI 302 memoranda contain crucial *Brady* evidence (i.e., evidence of custom and general practice) that may be favorable to Ms. Motta's defense, and that the Government is only required to produce the FBI 302s by the Jencks Act deadline. Importantly, the Government fails to cite any case law for its position or refute the case law cited by Ms. Motta.

Federal Courts, including the Fifth Circuit, have consistently found that evidence tending to negate criminal intent is relevant and admissible, and the exclusion of such evidence is reversible error. The Fifth Circuit in *Riley* reversed the defendant's conviction because the court excluded certain evidence of custom and general practice relevant to the defendant's alleged criminal intent. *See United States v. Riley*, 550 F.2d 223, 235 (5th Cir. 1977). The Fifth Circuit held that it was immaterial whether the jury would find the defendant's defense to intent reasonable, because the defendant has a right to present such a defense. *See id.* at 238. Along these same lines the Fifth Circuit in *Rubin* held that evidence of a defendant's state of mind tending to negate the defendant's alleged criminal intent was both relevant and admissible, and the exclusion of such evidence was an error. *See United States v. Rubin*, 591 F.2d 278, 282-83 (5th Cir. 1979). The Government makes no attempt to refute the Fifth Circuit's holdings in *Riley* or *Rubin* or otherwise present any other authority that holds that evidence tending to negate criminal intent, such as custom and general practice, are not relevant or admissible. Moreover, the Fifth Circuit has even found that FBI 302 memoranda, such as those requested by Ms. Motta, that lend support to a defendant's trial theory are favorable thereby constitute *Brady* material. *See United States v. Cessa*, 861 F.3d 121, 128-30 (5th Cir. 2017). Not only does the Government fail to refute the holding of *Cessa*, the Government actually relies on *Cessa* in its Opposition. *See* Opposition at p. 3.

The crux of the Government's argument is that it simply does not agree with Ms. Motta's definition of "similarly situated" individuals. The Government tries to argue that only the other personal injury attorneys charged (Giles and Keating), or those individuals implicated in Garrison's statements and named in Harris's and Gardner's factual bases, and accused of witness tampering, could be similarly situated. *See* Opposition at p. 15. This misses the mark of Ms. Motta's entire motion and theory of defense. Because Ms. Motta is charged with a specific intent crime, she intends to introduce evidence of custom and general practice of the plaintiff personal injury industry that demonstrates she was reasonably blind to the plaintiff's fraudulent scheme to support her defense that she lacked the requisite criminal intent. To the extent that the FBI 302s demonstrate the custom and general practice of the plaintiff's personal injury industry – particularly those involved with the collisions at issue in this case – they are relevant and admissible *Brady* evidence. *See Cessa*, 861 F.3d at 131. It is immaterial whether the Government believes this is a viable defense to criminal intent to present to the jury. *See Riley*, 550 F.2d at 238.

Moreover, the government is attempting to define what a "relevant" defense is from its perspective assuming that Ms. Motta had knowledge of the staging. But that is incorrect. It is the defendant's perspective of her defense that controls. So, contrary to the Government's characterization, Giles and Keating are *not* similarly situated to Ms. Motta because the government claims they both knew the collisions were staged. And those are not the 302s requested by this Motion. Rather, Ms. Motta is only asking for 302s of those who claim to have no knowledge that collisions were staged because that makes them similar to Ms. Motta due to her lack of knowledge of accidents being staged. While the government presumably does not believe that is true, that is her defense, and she has a constitutional right to present that to a jury.

Finally, to the extent that the Government argues that it need not immediately produce *Brady* material contained in Jencks Act material, this is not only directly contrary to Fifth Circuit authority, but subverts fairness to gamesmanship. Whereas the Government relies on Fifth Circuit cases from nearly a half century ago, the Government fails to address the more recent Fifth Circuit decision in *United States v. Martinez*, 87 F.3d 731 (5th Cir. 1996) cited in Ms. Motta's Motion to Compel. In *Martinez* where a "report contained material information favorable to any of the defendants, . . . such information would have to have been examined within the analytical framework established pursuant to *Brady* and its progeny *regardless* of whether or not this potentially exculpatory information constituted a ['statement'] under" the Jencks Act. *United States v. Martinez*, 87 F.3d 731, 738-39 (5th Cir. 1996). Moreover, the Government does not allege any reason why it cannot immediately produce the requested FBI 302s to Ms. Motta. The Government does not argue that the FBI 302s are not in existence or not readily accessible. The Government does not refute that the late production of such FBI 302s will hinder Ms. Motta's ability to investigate the bases of the memoranda or possibility necessitate a continuance. The Government's late production of the requested FBI 302 memoranda only serves to hinder Ms. Motta's ability to adequately prepare her defense ahead of trial. This Court should not allow the Government to arbitrarily withhold the requested FBI 302s containing *Brady* material until right before trial. This type of gamesmanship allows the Government to control the preparation of Ms. Motta's defense. *See United States v. Crozzoli,* 698 F. Supp. 430, 436 (E.D.N.Y. 1988).

### III. CONCLUSION

For the foregoing reasons, and those reasons stated in Ms. Motta's Motion to Compel, Ms. Motta respectfully requests that the Court order the Government to immediately produce all *Brady* and *Giglio* materials, including the FBI 302 memoranda relating to Ms. Motta's industry blindness defense.

Respectfully submitted,

*/s/ Sean M. Toomey*
Sean M. Toomey (La. Bar #36055)
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: stoomey@liskow.com

**Attorney for Defendants Vanessa Motta and Motta Law, LLC**

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of March, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.