

# U.S. Department of Justice

United States Attorney

Eastern District of Louisiana

---

*BRIAN M. KLEBBA*
*Assistant United States Attorney*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

*Telephone: 504-680-3079*
*Fax: 504-589-3602*

September 10, 2020

Vanessa Motta
Motta Law Firm, LLC
3632 Canal Street
New Orleans, LA 70119

Dear Madam/Sir:

    Pursuant to an official criminal investigation, it is requested that your company furnish by September 18, 2020, all information listed in the attached subpoena.

    We request that you not disclose the existence of this request for an indefinite period of time. Any such disclosure could impede the investigation being conducted and thereby interfere with the enforcement of the law.

    If there are any problems with this non-disclosure, please contact the undersigned Assistant United States Attorney at 504-680-3000.

Very truly yours,

PETER G. STRASSER
UNITED STATES ATTORNEY

*/s/ Brian M. Klebba*

BRIAN M. KLEBBA
Assistant United States Attorney

BMK/kll
Enclosure

**GOVERNMENT EXHIBIT R**

AO 110 (Rev. 06/09) Subpoena to Testify Before a Grand Jury

# UNITED STATES DISTRICT COURT
for the

Eastern District of Louisiana

SUBPOENA TO TESTIFY BEFORE A GRAND JURY

To: Vanessa Motta
Motta Law Firm, LLC
3632 Canal Street
New Orleans, LA 70119

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: | United States Federal Grand Jury<br>Hale Boggs Federal Building<br>500 Poydras Street, Second Floor<br>New Orleans, LA 70130 | Date and Time: September 18, 2020 09:00 AM |
|---|---|---|

**YOU MUST** also bring with you the following documents, electronically stored information, or objects (blank if not applicable): Pursuant to this Grand Jury subpoena please provide all records requested in the ATTACHMENT.

NOTE: Please provide certified copies pursuant to Rules 803 and 902 of the Federal Rules of Evidence as outlined in the attached certification.

Note: You may comply with this subpoena without appearing before the grand jury, if you so desire, by providing the requested documents to Special Agent Robert Orvin, Federal Bureau of Investigation, 2901 Leon C. Simon Blvd., New Orleans, LA 70126. Telephone No. 504-816-3000 or rgorvin@fbi.gov.

Date: September 10, 2020



*Carol L. Michel*
Name of Clerk of court

*Deputy clerk's signature*

Carol L. Michel
*Signature of Clerk or Deputy Clerk*

The name, address, e-mail, and telephone number of the United States Attorney, or Assistant United States Attorney, who requests this subpoena, are:

Brian Klebba, Assistant United States Attorney, (504) 680-3079, brian.klebba@usdoj.gov
Maria Carboni, Assistant United States Attorney, (504) 680-3154, maria.carboni@usdoj.gov
Shirin Hakimzadeh, Assistant United States Attorney, (504) 680-3144, shirin.hakimzadeh@usdoj.gov
Edward Rivera, Assistant United States Attorney, (504) 680-3163, edward.j.rivera@usdoj.gov
United States Attorney's Office, 650 Poydras Street, Suite 1600, New Orleans, LA 70130

**PROOF OF SERVICE**

This subpoena for *(name of individual or organization)* Motta Law Firm, LLC
was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____ .

I declare under penalty of perjury that this information is true.

Date: _____

*Server's signature*

*Printed name and title*

*Server's address*

Additional information regarding attempted service, etc:

# ATTACHMENT TO GRAND JURY SUBPOENA ISSUED TO:

Vanessa Motta
Motta Law Firm, LLC
3632 Canal Street
New Orleans, LA 70119

**RECORD FORMAT: Records are requested in electronic format, e.g., on a compact disc. A record layout for the data is also requested.**

In Re: Records Request/Subpoena pertaining to Cornelius Garrison v. Lancer Insurance Company et al, CDC Case No. 2016-9756

## DOCUMENTS TO BE PRODUCED

Please provide the following records for Cornelius Garrison v. Lancer Insurance Company et al, CDC Case No. 2016-9756:

Any and all settlement disbursement sheets and/or settlement sheets and/or settlement statements, as required by Louisiana Rule of Professional Conduct 1.5(c), with supporting documentation and/or proof of expenses, in the possession, custody, or control of you and/or your law firm pertaining to Cornelius Garrison v. Lancer Insurance Company et al, CDC Case No. 2016-9756, as well as any other settlements received on behalf of Cornelius Garrison and any payments made to him or on his behalf with regard to settlements received in other litigation. Please note that, pursuant to the enclosed written waiver, Mr. Garrison has waived any applicable privilege that may have attached to these documents.

NOTE: In lieu of a personal appearance, compliance with this subpoena request may be accomplished by furnishing documents requested to FBI Special Agent Robert Orvin, 2901 Leon C. Simon Blvd., New Orleans, LA 70126 on or before the return date should you desire voluntarily to surrender them to the Grand Jury. AUSA Brian Klebba and AUSA Maria Carboni may be reached at telephone numbers (504) 680-3079 and (504) 680-3154, respectively. *If you should have any questions regarding this subpoena, please contact SA Robert Orvin of the Federal Bureau of Investigation, who can be reached at telephone number (504) 816-3090 or OST Emily Moore of the Federal Bureau of Investigation, who can be reached at telephone number (504) 816-3104.*

## Advice of Rights

The grand jury is conducting an investigation of possible violations of Federal mail and wire fraud laws.

You may refuse to answer any question if a truthful answer to the question would tend to incriminate you.

Anything that you say may be used against you by the grand jury or in a subsequent legal proceeding.

If you have retained counsel, the grand jury will permit you a reasonable opportunity to step outside the grand jury room to consult if you so desire.

Please note that personal appearance and testimony are not sought under this subpoena.



**U.S. Department of Justice**
United States Attorney
Eastern District of Louisiana

---

*Brian M. Klebba*
*Assistant U.S. Attorney*
*Supervisor, Financial Crimes Unit*

*The Poydras Center*
*650 Poydras Street, Suite 1600*
*New Orleans, Louisiana 70130*

Telephone: (504) 680-3079
Fax: (504) 589-4510

## LIMITED WAIVER OF ATTORNEY- CLIENT PRIVILEGE

    I, Cornelius Garrison, fully understand that there is an ongoing federal investigation related to my prior conduct. I hereby voluntarily and knowingly waive any and all attorney-client privileges or confidentiality, I have or may have had with ▇▇▇▇, ▇▇▇▇, Vanessa Motta, ▇▇▇▇, and ▇▇▇▇, or any of their designated representatives or agents. I also acknowledge that no duress, coercion, and/or conditions have been placed upon me to execute this attorney-client privilege and confidentiality waiver. This waiver of confidentiality and my attorney-client privilege is being made voluntarily and with the full understanding that no one has forced or compelled me into executing this waiver.

    I hereby authorize the release of any and all records, documents, notes, and financial information, relating to my relationship with ▇▇▇▇, ▇▇▇▇, Vanessa Motta, ▇▇▇▇, and ▇▇▇▇, or any subsequent firm with which these lawyers were affiliated be provided to the United States Attorney's Office for the Eastern District of Louisiana.

    Therefore, I hereby authorize the Grand Jury of the Eastern District of Louisiana, the United States Attorney for the Eastern District of Louisiana, and his duly authorized representatives, and law-enforcement agents assigned to this investigation to examine any evidence or testimony related to my relationship with ▇▇▇▇, ▇▇▇▇, Vanessa Motta, ▇▇▇▇, and ▇▇▇▇, or any subsequent firm with which these lawyers were affiliated, which may be obtained from ▇▇▇▇, ▇▇▇▇, Vanessa Motta, ▇▇▇▇, and ▇▇▇▇, or any subsequent firm with which these lawyers were affiliated.

I further authorize the use of such evidence and testimony in any and all further legal or court proceedings.

## ACKNOWLEDGEMENT

I have carefully discussed every part of this document with my attorney, Claude J. Kelly. I also fully understand and voluntarily agree to the terms contained in this waiver, release, and agreement.

_____   9/10/20
CORNELIUS GARRISON                (Date)


I represent, Cornelius Garrison as legal counsel. I have carefully reviewed every part of this document with my Client, and my Client's decision to enter into this waiver, release, and agreement, is informed and voluntary, and is being executed without coercion, duress, or conditions.

_____   9/10/20
CLAUDE J. KELLY                   (Date)
Counsel for Cornelius Garrison

# GENERAL INSTRUCTIONS FOR COMPLYING WITH THIS REQUEST

A. <u>Scope of Subpoena</u>:   Unless otherwise specified, the subpoena pertains to all records in your possession or custody or subject to your control.

B. <u>Anticipated Testimony</u>:   Unless otherwise specified, testimony as to the completeness of the search for, and production of, the subpoenaed records will be required by the Grand Jury. The required testimony may include the names of the person(s) who conducted the search, a description of what each person did to conduct the search, identification of all locations that were searched (including all file systems, computer systems, archival storage locations, and electronic, optical, microfilm, microfiche or magnetic media accessed or searched), explanation of the results of the searches, description of the records produced; and description of any records within the scope of the subpoena which have been lost, destroyed, or discarded.

C. <u>Definition of Record</u>:   The term "record" as used in the subpoena should be given the broadest possible meaning and includes any recording of information, however made.   Any handwritten, typed, printed, recorded, transcribed, taped, photographed, filmed, computer-generated, or digitally-stored information constitutes a "record."   The term "record" specifically includes the following: notes; individual appointment calendars and schedules; diaries; telephone logs; telephone bills, message pads, or other evidence of incoming and outgoing telephone calls; itineraries; activity reports; travel vouchers and accountings; bank records; accounting and bookkeeping records and materials; financial records; tax records; correspondence; memoranda; e-mails; faxes; messages; reports; plans; forecasts; summaries; briefing materials; studies; working papers; graphs; maps; charts; diagrams; agendas; minutes; transcripts, recordings, notes, or summaries of any meeting, conversation, conference or communication; statements or charts of organization; telephone and personnel directories; press releases; announcements; notices; statements of procedure and policy; biographies and personnel files; photographs; videotapes; film; floppy diskettes; CDs; DVDs; and computer files.

D. <u>Requirement of Originals</u>:   The subpoena requires the production of <u>original</u> records. Copies will suffice only if the originals are not available.   A copy which contains notations, alterations, annotations, or other modifications is considered an original and must be produced.   Drafts and other non-identical versions are considered originals and must be produced.

E. <u>Request for Organized Production</u>:   You are requested, but not required, to place the records called for by each paragraph of the subpoena in a separate folder, box, or other container marked with your name, the date of the subpoena, and the paragraph of the subpoena it relates to.   Such an organized production may facilitate testimony before the Grand Jury or even eliminate the need for such testimony.

F. <u>Claims of Privilege</u>:   If subpoenaed records are withheld on the basis of privilege, you are requested to provide a privilege log which identifies the withheld records and, as to each withheld record, identifies the following: (1) the privilege asserted; (2) the person or entity asserting such privilege; and (3) the specific grounds for assertion of the privilege.   Such information will facilitate resolution of privilege issues.

G. <u>Return of Records</u>:   At the conclusion of the investigation and any resulting prosecution, the records will be returned to you (unless they are filed into the court record).

H. <u>Access to Records</u>:   You will be allowed reasonable access to the records you produce n response to the subpoena.   If you need to review the subpoenaed records, you or your attorney should contact the Assistant U.S. Attorney whose name appears on the subpoena.

# NOTICE

Attached to this subpoena is a Certification Pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence. Rule 902(11) provides that the testimony of a custodian may not be required at future court proceedings in order to authenticate the requested documentation if the documents are accompanied by a written declaration of its custodian. The custodian must declare that the record(s)-

    a.    were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;

    b.    were kept in the course of regularly conducted activity; and

    c.    were made by the regularly conducted activity as a regular practice.

We have provided a form which conforms to the requirements set forth in Federal Rules of Evidence 803(6) and 902(11). This form, if properly executed and returned by the subpoenaed entity, may enable the documents to be entered into evidence without the live testimony of a custodian of records.

# CERTIFICATION PURSUANT TO
# RULES 803(6) AND 902(11) OF THE FEDERAL RULES OF EVIDENCE

I, the undersigned business records custodian, with the understanding that I am subject to criminal penalty under the laws of the United States for an intentionally false declaration, declare that:

I am a Custodian of Records or other qualified person with _____ and by reason of my position am authorized and qualified to make this declaration.

The attached are records of: _____,

Account No(s): _____,

in the name(s) of: _____,

for the time period(s) _____ through _____.

**(Attach next sheet if necessary)**

I further declare that the documents attached hereto are original records or true copies of records which:

    a.    were made at or near the time of the occurrence of the matters set forth therein, by (or from information transmitted by) a person with knowledge of those matters;

    b.    were kept in the course of regularly conducted business activity;

    c.    were made by the said business activity as a regular practice; and

    d.    if not original records, are duplicates of original records.

_____
SIGNATURE
Print Name:_____

Title:_____

Executed on this \_\_\_\_ day of _____, 20\_\_\_.

Sworn to and subscribed before me this \_\_\_\_ day of _____, 20\_\_\_.

_____
NOTARY PUBLIC

The attached are records of:_____,

Account No(s).: _____,

 in the name(s) of: _____,

for the time period(s) _____ through _____.


The attached are records of:_____,

Account No(s).: _____,

 in the name(s) of: _____,

for the time period(s) _____ through _____.


The attached are records of:_____,

Account No(s).: _____,

 in the name(s) of: _____,

for the time period(s) _____ through _____.


The attached are records of:_____,

Account No(s).: _____,

 in the name(s) of: _____,

for the time period(s) _____ through _____.


The attached are records of:_____,

Account No(s).: _____,

 in the name(s) of: _____,

for the time period(s) _____ through _____.



U.S. Department of Justice

*United States Attorney*
*Eastern District of Louisiana*

---

**Specifications for Production of Information (ESI and Digitized Images)**

This document describes the technical requirements for the collection and production of information, including digitized (scanned) images and electronically stored information ("ESI"), to the U.S. Attorney's Office for the Eastern District of Louisiana. Careful consideration should be given to the methodology, implementation and documentation of ESI collection to ensure that all responsive data and metadata are preserved in the collection process.

1. **Specification Modifications**
   Any modifications or deviations from these Specifications may be done only with the express permission of the government. Any responsive data or documents that exist in locations or native forms not discussed in these Specifications remain responsive and, therefore, arrangements should be made with the government to facilitate their production.

   **Information** refers to any and all types of "hard copy" documents and/or ESI, regardless of the form it takes or the media on which it exists or resides, including, but not limited to, e-mails and other electronic communications, word processing documents (whether in draft or final, partial or complete, versions), records, spreadsheets, databases, calendars, telephone logs, internet usage files, network access information, and data on other kinds of media, including mobile handheld devices such as iPhones, Android phones, and cell phones), thumb drives, CDs, as well as digital voicemail and text messages. *See* FRCP 34**.**

   **Electronically Stored Information (ESI)** refers to any information created, manipulated, communicated, stored, and best utilized in digital form, requiring the use of computer hardware and software, including "writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained . . ." FRCP 34(a)(1)(A).

2. **Production Format of ESI and Imaged Hard Copy**
   Responsive ESI and imaged hard copy shall be produced in the format outlined below with particular attention paid to sections 9-19. All ESI (1) must include the unprocessed "as kept in the ordinary course of business" state (i.e., in native format), (2) must also be rendered to TIFF image format, and (3) must also be accompanied by a Concordance® .dat file and a cross reference image

load file(".opt", ".lfp"). All applicable metadata (see section 3 below) shall be extracted and provided in a standard document review platform load file format as set forth below in sections 2(a), 2(b), and 2(c).

a. **Image File Format**: All images, paper documents scanned to images, or rendered ESI shall be produced as 300 dpi single-page TIFF files, CCITT Group IV (2D Compression). Documents should be uniquely and sequentially Bates numbered with an endorsement burned into each image.

   - All TIFF file names shall include the unique Bates number burned into the image.
   - Each Bates number shall be eight or more digits, include leading zeros in the number, and be unique for each produced page.
   - All TIFF image files shall be stored with the "*.TIF" extension.
   - Images shall be OCRed using a standard COTS products.
   - All pages of a document or all pages of a collection of documents that comprise a folder or other logical grouping, including a box, shall be delivered on a single piece of media.
   - No image folder shall contain more than 10,000 images.
   - The entire file path, including the complete file name, shall not exceed 175 characters.

b. **Document Review Platform Cross Reference file:** Images should be accompanied by an Image Cross Reference file that associates each Bates number with its corresponding single-page TIFF image file. The Cross Reference file should also contain the image file path for each Bates numbered page. Image Cross Reference Sample Format:

   IM,ABC_00000001,D,0,@VOL_001;IMAGES\00\001; ABC_00000001.tif;2,0
   IM,ABC_00000001,D,0,@VOL_001;IMAGES\00\001; ABC_00000001.tif;2,0
   IM,ABC_00000001,C,0,@VOL_001;IMAGES\00\001; ABC_00000001.tif;2,0
   IM,ABC_00000001, ,0,@VOL_001;IMAGES\00\001; ABC_00000001.tif;2,0
   IM,ABC_00000001, ,0,@VOL_001;IMAGES\00\001; ABC_00000001.tif;2,0
   IM,ABC_00000001,D,0,@VOL_001;IMAGES\00\001;    ABC_00000001.tif;2,0

c. **Document Review Platform Load File**: Images should also be accompanied by a "text load file" containing delimited text that will populate fields in a searchable, flat database environment. The file should contain the required fields listed below in section 3.

   - ASCII text delimited load files are defined using the following delimiters:

   | | | |
   |---|---|---|
   | *Field Separator* | ¶ | *or Code 020* |
   | *Text Qualifier* | þ | *or Code 254* |
   | *Substitute Carriage Return or New Line* | ® | *or Code 174* |

   - The text file should also contain hyperlinks to applicable native files, such as Excel, PowerPoint, audio, or video files.
   - There should be one line for every record in a collection.
   - The load file must contain a field map/key listing the metadata/database fields in the order they appear within the data file. For example, if the data file consists of a First Page of a Record (starting Bates), Last Page of

- 2 -

a Record (ending Bates), Document ID, Document Date, File Name, and a Title, then the structure may appear as follows:

þBEGDOCþ¶þENDDOCþ¶þDOCIDþ¶þDOCDATEþ¶þFILENAMEþ¶þTITLE

- The extracted/OCR text for each document should be provided as a separate single text file. The file name should match the BEGDOC# or DOCID for that specific record and be accompanied by the *.TXT extension.
- Text files shall not be provided in the same folder as the TIFF images.

3. **Required Metadata/Database Fields**

The metadata of ESI should be extracted and provided in a *.DAT file using the field definitions and formatting described below:

| Table 1 | | | |
|---|---|---|---|
| **Field name** | **Field Description** | **Field Type** | **Field Value Length** |
| COMPANY | Company/Organization submitting data | Text | Unlimited |
| BOX# | Submission/volume/box number | Text | 10 |
| CUSTODIAN | Custodian(s)/Source(s) [Format: Last, First or ABC Dept.] | Text | Unlimited |
| AUTHOR | Creator of the document | Text | 160 |
| BEGDOC# | Start Bates (including prefix) - No spaces | Text | 60 |
| ENDDOC# | End Bates (including prefix) - No spaces | Text | 60 |
| PGCOUNT | Page Count | Integer | 10 |
| PARENTID | Parent's BEGDOC | Text | 60 |
| ATTACHIDs | Child document list; Child DOCID or Child Start Bates | Multi-Entry | Unlimited |
| ATTACHLIST | List of Attachment File Names | Multi-Entry | Unlimited |
| BEGATTACH | Start Bates of Parent | Text | 60 |
| ENDATTACH | End Bates of last attachment | Text | 60 |
| PROPERTIES | Privilege notations (e.g., Redacted, Document Withheld Based on Privilege) | Multi-Entry | Unlimited |
| RECORD TYPE | File, E-mail, Attachment, or Hard Copy | Text | 60 |
| FROM | Author's emails | Text | 160 |
| TO | Recipient] | Multi-Entry | Unlimited |
| CC | Carbon Copy Recipients | Multi-Entry | Unlimited |
| BCC | Blind Carbon Copy Recipients | Multi-Entry | Unlimited |
| SUBJECT | Subject/Document Title | Text | Unlimited |
| CONVINDEX | E-mail system ID used to track replies, forwards, etc. | Text | Unlimited |
| DOCDATE | Document Date/Date Sent [Format: MM/DD/YYYY | Date Keyed | MM/DD/YYYY |
| TEXT | E-mail body, Other Electronic Document Extracted text, or OCR | Full Text | Unlimited |

| Table 1 | | | |
| --- | --- | --- | --- |
| **Field name** | **Field Description** | **Field Type** | **Field Value Length** |
| TIMESENT | Time e-mail was sent | Time | 10 |
| DATECRTD | Date Created | Date | MM/DD/YYYY |
| DATESVD | Date Saved | Date | MM/DD/YYYY |
| DATEMOD | Date Last Modified | Date Keyed | MM/DD/YYYY |
| DATERCVD | Date Received | Date | MM/DD/YYYY |
| DATEACCD | Date Accessed | Date | MM/DD/YYYY |
| FILESIZE | File Size | Note Text | 10 |
| FILENAME | File name - name of file as it appeared in its original location | Full Text | Unlimited |
| APPLICATION | Application used to create native file (e.g., Excel, Outlook, Word) | Note Text | 160 |
| FILE EXTENSION | Extension for the file (e.g., *.DOCX; *.XLS) | Note Text | 10 |
| FILEPATH | Data's original source full folder path | Full Text | Unlimited |
| NATIVELINK | Current file path location to the native file | Full Text | Unlimited |
| INTPATH | E-mail folder path (e.g., Inbox\Active) or Hard Copy container information (e.g., Folder or binder name) | Full Text | Unlimited |
| PARAGRAPH | Subpoena/request paragraph number to which the document is responsive | Multi-Entry | Unlimited |
| HASH | Hash value (used for deduplication or other processing) (e-mail hash values must be run with the e-mail and all of its attachments) | Note Text | Unlimited |
| MESSAGEHEADER | E-mail header. | Full Text | Unlimited |
| ATTACHMCOUNT | Number of attachments to an e-mail | Note Text | 10 |
| COMMENTS | Identifies whether the document has comments associated with it | Note Text | 10 |
| ACCOUNT NAME | Name on the account associated with the record. | Full Text | Unlimited |
| ACCOUNT NUMBER | Account number on the account associated with the record. | Full Text | Unlimited |
| TRANSACTION NUMBER | Transaction number related to the record. | Full Text | Unlimited |
| IMAGE REFERNCE FILE NAME | Cross reference filename of associated visual image (credit/debit slip) if available | Multi-Entry | Unlimited |

4. **De-duplication, Near-Duplicate Identification, E-mail Conversation Threading, and Other Culling Procedures**

   De-duplication of exact copies <u>within</u> a custodian's data may be done, but all "filepaths" must be provided for each duplicate document. The recipient shall not use any other procedure to cull, filter, group, separate or de-duplicate (i.e., reduce the volume of) responsive material before discussing with and obtaining the written approval of the government. All objective coding (e.g., near dupe ID

or e-mail thread ID) shall be discussed and produced to the government as additional metadata fields.

5. **Hidden Text**

   All hidden text (e.g., track changes, hidden columns, mark-ups, notes) shall be expanded and rendered in the image file. For files that cannot be expanded the native files shall be produced along with the image file.

6. **Embedded Files**

   All non-graphic embedded objects (e.g., Word documents, Excel spreadsheets, *.WAV files) that are found within a file shall be extracted and produced. For purposes of production the embedded files shall be treated as attachments to the original file, with the parent/child relationship preserved.

7. **Image-Only Files**

   All image-only files (i.e., non-searchable PDFs, TIFFs, Snipping Tool and other screenshots, as well as all other images that contain text) shall be produced with associated OCR text and metadata/database fields identified in section 3 for "Other ESI."

8. **Hard Copy Records**

   a. All hard copy material shall be digitized (scanned) and reflect accurate document unitization including all attachments and container information (to be reflected in the PARENTID, ATTACHID, BEGATTACH, ENDATTACH and FOLDERID). Unitization in this context refers to identifying and marking the boundaries of documents within the collection, where a document is defined as the smallest physical fastened unit within a bundle (e.g., staples, paper clips, rubber bands, folders, or tabs in a binder). The first document in the collection represents the parent document and all other documents represent the children.

   b. All documents shall be produced in black and white TIFF format unless the image requires color. An image "requires color" when color in the document adds emphasis to information in the document or is itself information that would not be readily apparent on the face of a black and white image. Images identified as requiring color shall be produced as color 300 dpi single-page JPEG files.

   c. All objective coding (e.g., document date or document author) should be discussed and produced to the government with metadata/database fields.

9. **Production of Email**

   All email produced should be grouped in a repository (PST, etc.) format when possible. Email repositories, also known as email databases (e.g., Outlook .PST, Lotus .NSF, etc.), can contain a variety of items, including: messages, calendars, contacts, tasks etc. For purposes of production, responsive items shall provide the "Email" metadata fields outlined in section 3, including but not limited to all parent items (mail, calendar, contacts, tasks, notes, etc.) and child files (attachments of files to email or other items) with the parent/child

relationship preserved. Email databases from operating systems other than Microsoft Exchange shall be produced after consultation and only with the express approval of the USAO about the format for the production of such databases.

10. **Production of Spreadsheets**
All spreadsheets (e.g., Excel) shall be produced in the unprocessed "as kept in the ordinary course of business" state (i.e., in native format) and accompanied with a placeholder stating, "Produced in Native format". See section 18 below. The file produced should maintain the integrity of all source, custodian, application, embedded and related file system metadata. No alteration shall be made to file names or extensions for responsive native electronic files.

11. **Production of Instant Messenger (IM), Voicemail Data, Audio Data, Video Data, etc.**
The responding party shall identify, collect, and produce any and all data which is responsive to the requests which may be stored in audio or video recordings, cell phone/PDA/Blackberry/smart phone data, tablet data, voicemail messaging data, instant messaging, text messaging, conference call data, video/audio conferencing (e.g., GoTo Meeting, WebEx), and related/similar technologies. However, such data, logs, metadata or other files related thereto, as well as other less common but similar data types, shall be produced after consultation with and written consent of the government about the format for the production of such data.

12. **Production of Social Media**
Prior to any production of responsive data from social media (e.g., Twitter, Facebook, Google+, LinkedIn) the producing party shall first discuss with the government the potential export formats before collecting the information.

13. **Productions of Structured Data**
Prior to any production of responsive data from a structured database (e.g., Oracle, SAP, SQL, MySQL, QuickBooks), the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be provided in native Excel (*.XLS) format.

14. **Productions of Structured Data from Proprietary Applications**
Prior to any production of structured data from proprietary applications (e.g., proprietary timekeeping, accounting, sales rep call notes, CRMs, SharePoint) the producing party shall first provide the database dictionary and a list of all reports that can be generated from the structured database. The list of reports shall be produced in native Excel (*.XLS) format.

15. **Production of Photographs with Native File or Digitized ESI**
Photographs shall be produced as single-page JPEG files with a resolution equivalent to the original image as it was captured/created. All JPEG files shall have extracted metadata/database fields provided in a standard document review platform load file format as outlined in section 3 for "Other ESI."

- 6 -

16. **Format of ESI from Non-PC, Non-Windows-based Systems, or Unsupported formats**

    If responsive ESI is in non-PC or non-Windows-based Systems (e.g., Apple, IBM mainframes, UNIX machines), the ESI shall be produced after discussion with and written consent of the government about the format for the production of such data.

17. **Production of Native Files (When Applicable Pursuant to These Specifications)**

    Productions of native files as called for in these Specifications shall have extracted metadata/database fields provided in the standard document review platform load file format as defined in section 3 above.

    ESI shall be produced in a manner which is functionally useable by the government. The following are examples:

    - AutoCAD data (e.g., *.DWG, *.DXF) shall be processed/converted and produced as single-page *.JPG/*.TIFF image files according to specifications described above.
    - GIS data shall be produced in its native format and be accompanied by a viewer such that the mapping or other data can be reviewed in a manner that does not detract from its ability to be reasonably understood.
    - Audio and video recordings shall be produced in native format and be accompanied by a viewer if such recordings do not play in a generic application (e.g., Windows Media Player).

18. **Bates Number Convention**

    All images should be assigned Bates numbers before production to the government. Native files should be assigned a single Bates number for the entire file. The Bates number shall not exceed 30 characters in length and shall include leading zeros in the numeric portion. The Bates number shall be a unique name/number common to each page (when assigned to an image) or to each document (when assigned to a native file). If the government agrees to a rolling production, the naming/numbering convention shall remain consistent throughout the entire production. There shall be no spaces between the prefix and numeric value. However, it is highly recommended that an underscore be used between any prefix and the digits of a Bates number. If suffixes are required, please use "underscore notation." Below is a sample of underscore notation:

    PREFIX_0000001             PREFIX_0000003
    PREFIX_0000001_001         PREFIX_0000003_001
    PREFIX_0000001_002         PREFIX_0000003_002

19. **Media Formats for Storage and Delivery of Production Data**

    Electronic documents and data shall be delivered on any of the following media:

    a. CD-ROMs and/or DVD-R (+/-) formatted to ISO/IEC 13346 and Universal Disk Format 1.02 specifications.

    b. External hard drives (USB 3.0 (or better) or eSATA, formatted to NTFS format specifications) or flash drives.
    c. Storage media used to deliver ESI shall be appropriate to the size of the data in the production.
    d. Media should be labeled with the case name, production date, Bates range, and producing party.

**20. Virus Protection and Security for Delivery of Production Data**
Production data shall be free of computer viruses. Any files found to include a virus shall be quarantined by the producing party and noted in a log to be provided to the government. Password protected or encrypted files or media shall be provided with corresponding passwords and specific decryption instructions. No encryption software shall be used without the prior written consent of the government.

**21. Compliance and Adherence to Generally Accepted Technical Standards**
Production shall be in conformance with standards and practices established by the National Institute of Standards and Technology ("NIST" at www.nist.gov), U.S. National Archives & Records Administration ("NARA" at www.archives.gov), American Records Management Association ("ARMA International" at www.arma.org), American National Standards Institute ("ANSI" at www.ansi.org), International Organization for Standardization ("ISO" at www.iso.org), and/or other U.S. government or professional organizations.

**22. ReadMe Text File**
All deliverables shall include a readme text file at the root directory containing: total number of records, total number of images/pages or files, mapping of fields to plainly identify field names, types, lengths and formats. The readme file shall also indicate the field name to which images will be linked for viewing, date and time format, and confirmation that the number of files in load files matches the number of files produced.

**23. Exception Log**
An Exception Log shall be included documenting any production anomalies utilizing the electronic Bates number (document ID or control numbering) assigned during the collection, processing and production phases.