UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| VANESSA MOTTA, ET AL. | SECTION: D (1) |

**VANESSA MOTTA AND MOTTA LAW LLC'S**
**REPLY MEMORANDUM IN SUPPORT OF MOTION TO SEVER**

In the government's opposition to defendants' motion to sever, the government makes a startling and flawed legal assertion:

> Similarly, because Garrison, Alfortish, Parker, and Harris all participated in the staged collision scheme and all had significant ties to Motta, it will be necessary in any trial against Motta and Motta Law to establish that Motta's fiancée (Alfortish) schemed with one of her clients (Harris) to pay another one of her clients (Parker) to murder a third client (Garrison) whom they all knew was cooperating against them. Evidence that Alfortish, Parker, and Harris obstructed justice by murdering Garrison is proof that they were part of the staged collision scheme and, by extension, that Motta was as well. Again, severance would be inappropriate

*See* rec. doc. 298 at 44.

No evidence may be offered against the defendants unless it is relevant pursuant to Rule 401 of the Federal Rules of Evidence. Relevant evidence is anything that makes a fact of consequence related to the charged conduct more or less likely. The defendants have not been charged with Garrison's murder. Therefore, the fact that others have been charged with allegedly killing Garrison to prevent him from testifying does not make any fact at issue in the *charges against Motta* more or less likely. And, even if his murder was relevant under Rule 401, it would be unduly prejudicial under Federal Rule of Evidence 403.

But moreover, that position directly contradicts the government's other claim that it will "structure its case in such a way that it will be clear to the jury who did what with respect to the murder . . . ." *See* rec. doc. 298 at 44. Put differently, the government wants to argue to the jury that Garrison's death is evidence of Motta's guilt in the fraud conspiracy *while at the same time* "structure its case in such a way that it will be clear to the jury who did what with respect to the murder." There is no way to accomplish both goals.

And indeed, this actually demonstrates why these charges should be tried separately. The jury will obviously rely on the murder as evidence of Motta's guilt in the fraud conspiracy, which the government is not just admitting will happen, but actually intending to argue to the jury that they should rely on the murder to prove the fraud.

Another reason to sever the murder charges from the fraud charges is the inevitable incompatibility of Motta's (and Jason Giles') Speedy Trial Act rights and the murder defendants' constitutional right to a constitutionally effective defense. Motta has consistently requested a speedy trial (70 days from later of indictment or first appearance). The government moved to continue the first trial setting and the Court granted a continuance over Motta's opposition. The trial is now set for September 8, 2025, approximately *nine months* from Motta's initial appearance. The murder defendants, upon information and belief, will be requesting a continuance of their cases to adequately prepare for trial and do not anticipate being ready for trial until later in 2026 or beyond. Not only is Motta entitled to a speedy trial as a legal matter, but as a practical matter, she is in dire need of one. She has been suspended from practicing law and earning a living. She has been "debanked" (much like President Trump while he was being unjustly prosecuted). She has a child with serious health conditions. The government has had 7-8 years to prepare for this

-3-

trial where the operative facts took place years ago. This trial must take place on September 8, 2025, and the murder defendants will not prepared for trial until sometime in 2026 or beyond.

For these reasons, and those previously argued, this motion should respectively be granted.

Respectfully submitted,

*/s/ Sean M. Toomey*
Sean M. Toomey (La. Bar #36055)
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: stoomey@liskow.com

***Attorney for Defendants Vanessa Motta and Motta Law LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 23th day of May, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Sean M. Toomey*