UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 24-105 |
| VANESSA MOTTA, ET AL. | SECTION: D (1) |

### VANESSA MOTTA'S REQUEST FOR RULE 17 SUBPOENAS

Rule 17 of the Federal Rules of Criminal Procedure subpoenas for witness testimony ("Rule 17 Subpoenas") are a crucial aspect of pretrial hearings. However, the Court has the power to ensure that Rule 17 Subpoenas are not used as a fishing expedition. *See Bowman Dairy Co. v. U.S.*, 341 U.S. 214 (1951). The application must set forth the name of the witness and the issue to which the testimony of the witness will be directed, including the substance of the testimony that the witness is expected to give or the facts to which the witness will testify. *See* 20 C.F.R. § 258.3.

In the instant matter, Motta requests two Rule 17 Subpoenas to compel two witnesses to testify at the hearing of the government's motion to introduce statements pursuant to the forfeiture by wrongdoing exception to the hearsay rule. These two witnesses are Bradley Egenberg and Ryan Harris. These witnesses are critical to vitiate the government's claim that Motta had the specific intent to make Cornelius Garrison unavailable to testify at trial.

<u>Bradley Egenberg</u>

Much of the government's position relies on the government's assertion that Motta's effort to secure legal representation for Garrison in connection with his notice of deposition was actually an effort to prevent him from testifying. That is not the case.

The government mischaracterizes Motta's efforts to secure independent counsel for Garrison in connection with a civil deposition in a completely unrelated case. In that case, which is not implicated in this indictment, Motta represented several individuals in a car accident in which Garrison was not a passenger. Despite the fact that Garrison was not involved with that accident, defense counsel served Garrison with a notice of deposition. In reaction, *Garrison reached out to Motta* – not the other way around – to seek guidance. To ensure Garrison had legal counsel to assist him in the deposition, she helped secure another attorney, Bradley Egenberg, to represent him. Importantly, if Motta was in a conspiracy with Garrison and did not want him to testify or, even more likely if that were the case (which it is not), wanted him to testify untruthfully to protect their conspiracy, she would have simply told him to do that herself. Instead, she secured another attorney to represent him, Mr. Egenberg, who had his own ethical duty to represent Garrison's interests, not Motta's interests.

If called to testify at the instant hearing, the scope of the questions asked of Mr. Egenberg will be his understanding of the purposes of his representation of Garrison and what he intended to do as counsel had his representation not been interrupted by the government. Upon first-hand information and belief, undersigned counsel expects Mr. Engenberg to testify under oath that he did *not* agree to corruptly represent Garrison, violate his ethical duties, and/or commit the federal crime of obstruction of justice.

Ryan Harris

The most significant piece of evidence the government relies upon to argue that Motta had the specific intent to make Garrison unavailable at trial is Ryan Harris' factual basis. Harris' factual basis refers to a purported meeting between Ryan Harris, Sean Alfortish, Leon Parker, and Motta where they all commented to Harris that "Garrison was a 'rat' and a 'snitch' and that it

would be better if Garrison was dead." Rec. doc. 184.  That meeting never took place and Motta never said that to Harris, or anyone, at any time.

If called to testify at the instant hearing, the scope of the questions asked of Harris will be the specifics of this purported meeting, which undersigned counsel does not believe took place.  Cross examination will allow the Court to evaluate the veracity of his factual basis as to this meeting and the statements during that meeting he attributes to Motta.

The government will likely suggest that his testimony is not necessary because they have his factual basis filed into the record.  But why not allow Harris to be cross examined about this meeting, which is the most important part of the government's motion as to Motta?  The Court can ensure that the cross-examination of Harris is limited to this one single discrete factual assertion and not a fishing expedition.  And critically, the Court, and not the United States Attorney's Office, will be allowed to judge Harris' credibility as to this meeting as it determines whether the government has met its burden in the instant motion.

Respectfully submitted,

*/s/ Sean M. Toomey*
Sean M. Toomey (La. Bar #36055)
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 556-4118
Facsimile: (504) 556-4108
Email: stoomey@liskow.com

**Attorney for Defendants Vanessa Motta and Motta Law LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 5th day of June 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.  Notice of this filing will be sent

-4-

to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

/s/ Sean M. Toomey