UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION NO. 24-105

VERSUS

SEAN D. ALFORTISH, ET AL.                    SECTION: D (1)

### VANESSA MOTTA AND MOTTA LAW, LLC'S RESPONSE TO GOVERNMENT'S RESPONSE TO MOTION TO CONTINUE TRIAL BY SEAN D. ALFORTISH AND LEON M. PARKER

Defendants Vanessa Motta and Motta Law, LLC (together, "Ms. Motta") oppose[1] the Motion to Continue Trial and Pretrial Dates[2] filed by defendant Sean D. Alfortish and defendant Leon M. Parker. The government does not oppose the motion.[3] It does not join in the motion or request that this Court continue the trial.[4] And it is not the movant. Yet, in a procedurally curious move, the non-movant government effectively responds in opposition[5] to Ms. Motta's opposition in order to: (1) "disabuse Motta of any notion that the scope of relevant evidence is minuscule so that she will not plead surprise at trial"; (2) recommend a method Ms. Motta should use to perform document review;[6] and (3) argue that Ms. Motta's speedy trial rights have not been prejudiced yet because Ms. Motta was indicted on December 6, 2024,[7] and trial is set for September 8, 2025.[8]

---

[1] R. Doc. 325.
[2] R. Doc. 323.
[3] R. Doc. 323-1 at 5. The only parties to oppose the motion to continue are defendants Vanessa Motta, Motta Law, LLC, Jason Giles, and the King Firm, LLC. *Id*.
[4] *See* R. Doc. 323-1 at 5.
[5] R. Doc. 332.
[6] R. Doc. 332 at 1-2. These first two statements are not legal argument. They are merely unsolicited "advice" as to how Ms. Motta should defend herself against the government. Given the government's absence of any legal support of these musings, Ms. Motta need not respond to these statements.
[7] R. Doc. 78.
[8] *See* R. Doc. 323 at 1.

Even if the government's response were procedurally proper, its legal argument as to Ms. Motta's speedy trial rights is without merit.[9]

Relying on two cases briefly described in parentheticals, the government erroneously contends that this Court cannot presume that Ms. Motta's Sixth Amendment rights have been prejudiced.[10] Both of the government's cases are easily distinguishable on their facts. For example, in *United States v. Hernandez*, 457 F.3d 416 (5th Cir. 2006), the Fifth Circuit held that it could not presume prejudice because the defendants "failed to assert their speedy trial rights until *after* conviction," *id*. at 421-22 (citation omitted; emphasis added), and because both the government and the defense had moved for continuances. *Id*. at 421 & 421 n.2. *Hernandez* does not control. Here, unlike the defendants in *Hernandez*, Ms. Motta does not ask this Court to *presume* prejudice. Her opposition to Mr. Alfortish and Mr. Parker's motion shows *actual* prejudice,[11] which, critically, the government does not dispute.[12] Moreover, unlike the defendants in *Hernandez*, Ms. Motta has never moved for a continuance, has opposed all continuances sought, and has asserted her rights to a speedy trial prior to the start of trial.

Further, in *United States v. Moreno*, No. CR 15-76, 2017 WL 2256811 (E.D. La. May 23, 2017) (unpublished), a section of this Court held that it could not presume prejudice when, over the twenty-month period between indictment and trial, the defendant had not opposed his co-defendants' and the government's motions for continuance and had himself moved for a continuance. *Id*. at *6. These actions could not weigh in favor of presuming prejudice, reasoned the court, because the defendant himself "ha[d] in fact contributed to the delay in this case." *Id*.

---

[9] Further, depending on this Court's disposition of Ms. Motta's pending motion to sever, R. Doc. 271, the government's position regarding Ms. Motta's speedy trial rights may be moot.
[10] R. Doc. 332 at 2.
[11] R. Doc. 325 at 2.
[12] R. Doc. 332 at 2.

*Moreno* does not control.  Here, unlike the defendant in *Moreno*, Ms. Motta does not ask this Court to *presume* prejudice, and it is undisputed[13] that her opposition establishes *actual* prejudice.[14] What's more, unlike the defendant in *Moreno* who "ha[d] not diligently asserted his speedy trial rights" when he had "either joined in requests for continuances or ha[d] moved the Court for the continuance," *id.* at *6-*7, Ms. Motta has never once joined in or moved for a continuance.

Against this backdrop, the government's legally unsupported position should be ignored. For the reasons set forth in Ms. Motta's opposition, a continuance of the September trial will run afoul of her Sixth Amendment right to a speedy trial and result in irreparable, actual prejudice.[15] This prejudice is easily demonstrated.  As stated in previous motions, due to the instant indictment, Ms. Motta has experienced financial ruin and an inability to secure steady work since December 2024, leading to a rapid depletion of funds necessary to provide for her two children and her legal defense. Her mother's health also has severely deteriorated, including her mother's doctor's request that she begin dialysis treatment due to kidney failure, which she is asking to delay until after the trial (to continue to assist with child care of Ms. Motta's children). Additionally, the emotional well-being and educational stability of her oldest daughter, who is a post dual transplant patient and has permanent impaired medical conditions, have been critically compromised due to ongoing and constant news reporting of the instant matter, nearly resulting in her inability to continue attending high school.

In light of all of the above, the motion to continue trial should respectfully be denied.

---

[13] R. Doc. 332 at 2.
[14] R. Doc. 325 at 2.
[15] R. Doc. 325 at 1-2.  *See also* 18 U.S.C.A. § 3161(c)(1) ("In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence *within seventy days* from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.") (emphasis added).

Respectfully submitted,

*/s/ Sean M. Toomey*
Sean M. Toomey (La. Bar #36055)
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: stoomey@liskow.com

***Attorney for Defendants Vanessa Motta and Motta Law, LLC***

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 7th day of July, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Sean M. Toomey*
