UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 2:24-CR-00105 |
| | CHIEF JUDGE WENDY VITTER |
| VERSUS | SECTION: D |
| | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| RYAN J. HARRIS, ET AL. | DIVISION: 1 |

**VANESSA MOTTA AND MOTTA LAW LLC'S
SUPPLEMENTAL BRIEFING ON "SPECIFIC TRIAL RIGHTS"**

In accordance with this Court's order, R. Doc. 352, Vanessa Motta and Motta Law LLC (together, "Ms. Motta") submit the following supplemental briefing:

**I.   The statutory right to a speedy trial is the type of "specific trial right" contemplated by *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993).**

Multiple sections of this Court have treated a defendant's right to a speedy trial under 18 U.S.C. 3161, *et seq.*, as the type of "specific trial right" the compromise of which would support severance under Rule 14(a) of the Federal Rules of Criminal Procedure. *See, e.g.*:

- *United States v. George*, No. CR 17-201, 2019 WL 4194526, at *3, *13-14 (E.D. La. Sept. 4, 2019) (Africk, J.) (granting motion to sever and accepting non-capital defendant's argument that his speedy trial rights were the type of specific trial right that would be violated if compelled to be jointly tried with capital defendants).[1]
- *United States v. Carter*, No. CRIM.A. 12-198, 2015 WL 1897613, at *2 (E.D. La. Apr. 27, 2015) (Vance, J.) (construing that the "specific right" the joint trial would compromise would be the defendant's statutory and constitutional rights to a speedy trial when

---

[1] In *George*, primary reasons for granting the motion to sever on speedy-trial-rights grounds were that: (1) the government was "more to blame" for the delay; and (2) unlike the defendant's co-defendants, "both his counsel and the government have indicated that they are prepared to go to trial." *George*, 2019 WL 4194526, at *13 & *13 n.55 (citations and alterations omitted). So, too, here. Ms. Motta has not caused any delay in her trial going forward – the government has. It was the first to move to continue the trial, over Ms. Motta's objection. And, unlike Mr. Alfortish and Mr. Parker, both Ms. Motta and the government are prepared to go to trial in September (especially considering that the government is equipped with a full team of attorneys and has presumably been in possession of crucial evidence, and been able to make its case, for multiple years).

- defendant did not indicate which specific right would be compromised) (denying motion to reconsider denial of motion to sever).
- *United States v. Moreno*, No. CR 15-76, 2017 WL 2256811, at *5 & *5 n.2 (E.D. La. May 23, 2017) (Engelhardt, J.) (analyzing defendant's assertion of his statutory and constitutional speedy trial rights as one of the specific trial rights the joint trial would compromise) (denying motion to sever).
- *United States v. Jackson*, No. CRIM.A. 12-1, 2014 WL 121976, at *1 (E.D. La. Jan. 13, 2014) (Feldman, J.) (assessing whether specific trial rights, including constitutional speedy trial right, would be compromised if trial were not severed) (denying motion to sever).
- *United States v. Esteves*, No. CR 17-201, 2018 WL 6817024, at *1 (E.D. La. Dec. 27, 2018) (Africk, J.) (analyzing the statutory right to speedy trial as a "specific trial right" that could be compromised, but finding that such rights were not compromised under the specific facts of the case) (denying motion to sever).
- *See also United States v. Causey*, 185 F.3d 407, 429 (5th Cir. 1999) (Concurring in part, DeMoss, J.) (observing that the specific trial right compromised was the noncapital defendant's statutory and constitutional right to a speedy trial when the district court failed to sever the joint trial of capital and noncapital defendants).

So, too, have other federal district courts within the Fifth Circuit:

- *United States v. Simpson*, No. 3:09-CR-249-D 06, 2010 WL 4340683, at *4 (N.D. Tex. Oct. 26, 2010) (analyzing the statutory right to speedy trial as a "specific trial right" that could be compromised, but finding that such rights were not compromised under the specific facts of the case) (denying motion to sever).
- *United States v. Eversole*, 783 F. Supp. 2d 972, 974 (S.D. Tex. 2011) (same).
- *United States v. Leong*, No. 3:11-CR-247-M, 2011 WL 5248145, at *2 (N.D. Tex. Nov. 3, 2011) (same).
- *United States v. Sanford*, No. 2:08CR42, 2008 WL 3200673, at *2 (N.D. Miss. Aug. 7, 2008) (same).
- *United States v. Guerrero*, No. CRIM. B-06-801-S3, 2007 WL 776685, at *3 (S.D. Tex. Mar. 9, 2007) (same).
- *United States v. Diaz-Osuna*, No. 5:13-CR-13 DCB FKB, 2014 WL 1411813, at *3 (S.D. Miss. Apr. 11, 2014) (same).
- *United States v. Simpson*, No. 3:09-CR-249-D 06, 2010 WL 4340683, at *4 (N.D. Tex. Oct. 26, 2010), *aff'd*, 408 F. App'x 830 (5th Cir. 2011) (same).
- *United States v. Rivers*, No. 3:17-CR-460-D(11), 2018 WL 3549697, at *5 (N.D. Tex. July 24, 2018) (same).
- *United States v. Davis*, No. CRIM.A. 11-00245-01, 2012 WL 1155200, at *2 (W.D. La. Apr. 5, 2012) (same).

Importantly, not one of the courts in the above-listed cases questioned whether the statutory right to a speedy trial was (or could be) one of the "specific trial rights" contemplated by *Zafiro*. And undersigned counsel has not found any caselaw to the contrary. The caselaw, then, makes

clear that a defendant's right to a speedy trial under the Speedy Trial Act is the type of "specific trial right" the compromise of which would support severance.

II.  **Ms. Motta's statutory speedy trial rights will be compromised if the joint trial is not severed.**

Courts do not question whether the statutory right to a speedy trial is the type of specific trial right that, if compromised, would support severance. Instead, courts question whether the individual facts of each case demonstrate that the defendant's statutory speedy trial right would be compromised if the joint trial were not severed. *See George*, 2019 WL 4194526, at *14.

Here, for the reasons more fully explained in Ms. Motta's motion to sever,[2] the facts show that Ms. Motta's statutory speedy trial rights will be compromised if she is not severed from the joint trial with her co-defendants who, among other things, allegedly schemed to murder a government witness or were involved in a completely separate parallel enterprise.

Moreover, each of the above-listed cases denying severance for the defendant's failure to show that his or her speedy trial rights would be compromised is distinguishable and relies on operative facts absent from Ms. Motta's case.[3] For example, the courts in those cases found that the defendant's statutory speedy trial rights were not compromised because, *inter alia*: (1) the defendant caused delay by moving for continuances or failing to oppose continuances;[4] (2) it was unreasonable to expect adequate preparation for trial within the Speedy Trial Act's time limit;[5] (3) the three-month continuance based on a co-defendant's medical condition did not cause severe

---

[2] R. Doc. 271.
[3] Not all courts, however, described their reasoning. *See, e.g., Esteves*, 2018 WL 6817024, at *5 (concluding, without analysis, that the defendant's Speedy Trial Act rights would not be compromised).
[4] *See, e.g., Carter*, 2015 WL 1897613, at *3; *Moreno*, 2017 WL 2256811, at *5; *Jackson*, 2014 WL 121976, at *5; *Eversole*, 783 F. Supp. 2d at 975.
[5] *See, e.g., Simpson*, 2010 WL 4340683, at *4.

prejudice;[6] (4) the last co-defendant had yet to make his initial appearance;[7] (5) the superseding indictment widened the scope of the criminal prosecution so as to try other conspirators and, thus, restarted the starting point for the speedy trial clock;[8] (6) the complexity of the case warranted multiple ends-of-justice continuances;[9] and (7) the defendant waived his speedy trial rights.[10] None of these dispositive facts are present here.

Because Ms. Motta's speedy trial rights will be compromised if tried jointly with her co-defendants, she respectfully requests that her motion to sever be granted.

### III. Conclusion

Ample legal authority from within the Fifth Circuit establishes that the statutory right to a speedy trial is an example of the type of "specific trial right" the compromise of which would support severance under Rule 14(a).[11] And Ms. Motta's statutory right to a speedy trial under the Speedy Trial Act will be vitiated should the trial be continued at her co-defendants' request.

---

[6] *See, e.g.*, *Leong*, 2011 WL 5248145, at *2.
[7] *See, e.g.*, *Sanford*, 2008 WL 3200673, at *2.
[8] *See, e.g.*, *Diaz-Osuna*, 2014 WL 1411813, at *3.
[9] *See, e.g.*, *Simpson*, 2010 WL 4340683, at *4; *Rivers*, 2018 WL 3549697, at *2; *see also Guerrero*, 2007 WL 776685, at *3 (concluding, without any analysis, that the delays resulting from eight co-defendants and complexity of case did not raise Speedy Trial Act concerns).
[10] *See, e.g.*, *Davis*, 2012 WL 1155200, at *1.
[11] Both Ms. Motta and the government agree that the right to a speedy trial and the right to effective assistance of counsel are the "specific trial rights" contemplated by *Zafiro*. R. Doc. 354. And, like the government, Ms. Motta has not located any caselaw within the Fifth Circuit that expressly recognizes that a defendant's right to effective assistance of counsel is the type of "specific trial right" the compromise of which would support severance under Rule 14(a). R. Doc. 354 at 4. Although out of scope of this Court's order, the following legal authorities from outside of the Fifth Circuit demonstrate that a defendant's right to effective assistance of counsel is such a "specific trial right": *United States v. Hicks*, No. 15-CR-33-A, 2017 WL 4541013, at *2 (W.D.N.Y. Oct. 11, 2017), *aff'd*, 5 F.4th 270 (2d Cir. 2021) (holding that the specific trial right of defendant that would be compromised if defendant were not severed was "the right to be represented by counsel who is ethically able to provide effective assistance"); *United States v. Ferguson*, 246 F.R.D. 107, 127 (D. Conn. 2007) (holding that the facts did not show "a 'serious risk' that [defendant's] inclusion in the currently scheduled trial would compromise any of his trial rights, including his Sixth Amendment right to choose his counsel"). Further, the following legal authorities from outside of the Fifth Circuit demonstrate the same with respect to the statutory right to a speedy trial: *United States v. Contreras*, 216 F. Supp. 3d 299, 304 (W.D.N.Y. 2016) ("Contreras has not met the standard for severance under Rule 14(a). Although he identifies no 'specific trial right' that might be impaired by joint trial, the only one that appears to be applicable here—Contreras' right to a speedy trial—has not yet been impaired, for the reasons

Indeed, drawing from the parties', counsels', and this Court's collective decades of experience in federal criminal practice, the reality is that Mr. Alfortish's and Mr. Parker's trial will likely *not* commence until mid to late 2026 at the *earliest*. That result is based on varied and very valid reasons that almost always occur in cases involving mandatory life sentences. Pushing Ms. Motta's trial until then would solidify her financial ruin. And while the government appears to "question" the hardship Ms. Motta faces raising her children alone and their physical health, those medical issues are sadly and tragically true (*see* Exhibit 1). The government has frustrated Ms. Motta's speedy trial rights enough. It was the government that filed the first motion to continue trial, not Ms. Motta (and over her objection). Moreover, it was the government that sought and ensured during her bond hearing that she would be prohibited from practicing law prior to the trial of this matter. The Sixth Amendment and Speedy Trial Act were *not* created to reduce the government's workload; they were created because of the knowledge that being accused of a crime is itself punishment and so the accused has a right to have their day in court to clear their name in the speediest way possible. Accordingly, this Court should sever Ms. Motta's claims under Rule 14(a).

> Respectfully submitted,
>
> */s/ Sean M. Toomey*
> Sean M. Toomey (La. Bar #36055)
> 701 Poydras Street, Suite 5000
> New Orleans, Louisiana 70139-5099
> Telephone: (504) 581-7979
> Facsimile: (504) 556-4108
> Email: stoomey@liskow.com

---

discussed below."); *United States v. Rakestraw*, No. CR 18-01695-TUC-JAS (EJM), 2021 WL 3668316, at *6 (D. Ariz. June 16, 2021), *report and recommendation adopted*, No. R1801695004TUCJASEJM, 2021 WL 3046905 (D. Ariz. July 20, 2021) (analyzing the constitutional and statutory right to a speedy trial as the specific trial right that could be compromised, but finding no reason to sever); *United States v. Yandell*, No. 2:19-CR-00107-KJM, 2023 WL 2620418, at *10 (E.D. Cal. Mar. 23, 2023) (finding that there was no serious risk that the specific trial right of a speedy trial under the Sixth Amendment would be compromised).

*Attorney for Defendants Vanessa Motta and Motta Law, LLC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 21st day of July, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

<u>/s/ Sean M. Toomey</u>