UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO.  24-105 |
| v. | * | SECTION:  "D"(1) |
| RYAN HARRIS, *et al.* | * | |

\*     \*     \*

**GOVERNMENT'S OPPOSITION TO**
**VANESSA MOTTA AND MOTTA LAW, LLC'S MOTION TO RECONSIDER**

The United States of America, through the undersigned attorneys, hereby opposes the

Motion to Reconsider filed by Vanessa Motta and Motta Law, LLC (collectively "Motta"). *See*

Rec. Doc. 406.

On August 13, 2025, the Honorable Janis van Meerveld denied Motta's motion to compel

the production of grand jury materials related to a finding that the crime-fraud exception applied

to communications between Motta and certain of her clients. Rec. Doc. 377. Among other things,

the Court found that Motta "has failed to articulate a particularized need for the government's

[crime-fraud] motion and supporting documentation with regard to the crime-fraud-exception

order, let alone a need that could outweigh the principle of grand jury secrecy." Rec. Doc. 377, p.

9. Notably, in reaching that conclusion, the Court explained that "[a]t oral argument, the

government clarified that it does not concede that the motion it filed to obtain the crime-fraud

exception included an attached affidavit. It conceded that one or more exhibits was attached."

Rec. Doc. 377, p. 4 n.5.

In her motion to reconsider the Court's order, Motta cites "new circumstances," namely,

that, "[d]uring this Court's hearing on Motta Law's motion to compel, the government intimated

that it did not attach an affidavit in support of its *ex parte* motion to obtain the crime-fraud

exception, as Motta Law had previously believed it to have done." Rec. Doc. 406-1, p. 2.

However, as recounted above, the order denying Motta's motion to compel already considered

the fact that there was no affidavit attached to the government's crime-fraud motion. As Motta

concedes, the government stressed that point during oral argument to correct Motta's mistaken

assumption that there was an affidavit, as opposed to one or more other exhibits that were

attached to the crime-fraud motion. Thus, there are no "new circumstances" and no reason to

second-guess the order's findings. *See United States v. Reed*, No. 15-100, 2016 WL 54903, at

*10 (E.D. La. Jan. 5, 2016) (Fallon, J.) (stating that a motion to reconsider "serves the narrow

purpose of allowing a party to correct manifest errors of law or fact or to present newly

discovered evidence," and that a motion to reconsider "is an extraordinary remedy to be used

sparingly") (brackets omitted).

Moreover, even assuming it was a "new circumstance" that the crime-fraud order did not

have an accompanying affidavit, Motta still cannot overcome the restrictions against disclosure

of grand jury materials in Federal Rule of Criminal Procedure 6(e). As she did in her original

motion, Motta speculates that there is a "reasonable probability" that the government's crime-

fraud motion "was legally flawed." Rec. Doc. 406-1, p. 2. As the order correctly concluded, this

is precisely the type of fishing expedition that Rule 6 prohibits. *See United States v. Loc Tien

Nguyen*, 314 F. Supp. 2d 612, 616-17 (E.D. Va. 2004) (denying defendant's request for grand

jury materials where defense counsel argued, "[I]f all is well, then there is no problem, but if not,

it should be known so that it can be addressed."); *United States v. Gas Pipe, Inc.*, No. 3:14-cr-

00298-M, 2018 WL 5046412, at *7 (N.D. Tex. Aug. 7, 2018) (denying defendants' motion to

compel disclosure of grand jury transcripts where defendants "believe[d] that the government

failed to properly instruct the grand jury regarding the scienter element for an analogue offense")

(brackets omitted); *United States v. Ramos*, No. EP:22-CR-1744(1)-KC, 2023 WL 2769433, at

*9-10 (W.D. Tex. Apr. 4, 2023) (denying motion to compel disclosure of grand jury transcripts

where defendant "offer[ed] only indistinct speculation that the circumstances of this case 'raise

concerns' of selective prosecution and other unspecified 'errors' in the grand jury process").

## CONCLUSION

For the foregoing reasons, the government respectfully requests that the Court deny

Vanessa Motta and Motta Law, LLC's Motion to Reconsider. *See* Rec. Doc. 406.

Respectfully submitted,

MICHAEL M. SIMPSON
ACTING UNITED STATES ATTORNEY

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
BRIAN M. KLEBBA
MARY KATHERINE KAUFMAN
Assistant United States Attorneys
J. RYAN McLAREN
Trial Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on September 11, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

/s/ *Matthew R. Payne*
MATTHEW R. PAYNE
Assistant U.S. Attorney