UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO.: 2:24-CR-00105 |
| | CHIEF JUDGE WENDY VITTER |
| VERSUS | SECTION: D |
| | MAGISTRATE JUDGE JANIS VAN MEERVELD |
| RYAN J. HARRIS, ET AL. | DIVISION: 1 |

**VANESSA MOTTA AND MOTTA LAW LLC'S SUPPLEMENTAL MEMORANDUM CONCERNING R. DOCS. 407 & 428**

Defendants Vanessa Motta and Motta Law LLC (together, "Motta Law") do not oppose the government's Motion for Rule 15 Deposition, R. Doc. 407, wherein the government argues that there are "exceptional circumstances" necessitating the need for Mr. Castle's deposition, namely, his dire medical condition, which will prevent him from testifying at trial. Yet, should this Court grant the government's motion, Motta Law writes separately in support of Jason Giles and the King Firm, LLC's (together, the "King Firm") request for production of documents, R. Doc. 428 at 4.

Whether to permit a Rule 15 deposition is a matter entrusted to the Court's broad discretion. *United States v. Farfan-Carreon*, 935 F.2d 678, 679 (5th Cir. 1991) (citation omitted). If the Court permits Mr. Castle's the deposition, then "[t]he government must provide to the defendant or the defendant's attorney, for use at the deposition, any statement of the deponent in the government's possession to which the defendant would be entitled at trial." Fed. R. Crim. P. 15(e)(3). And when, as here, the Rule 15 deponent will be unavailable at trial, such "exceptional circumstances" warrant the government's production of *all Brady* and *Giglio* material for use at the deposition, in addition to the limited production expressly contemplated by Rule 15(e)(3).

This was the result in *United States v. Sabhnani*, 2007 WL 2908105, at *2 (E.D. N.Y. Oct. 5, 2007). There, the Rule 15 deponent was unavailable for trial and would not be recalled after her pre-trial deposition. As a result, the court held that the government's limited, pre-deposition disclosure of *Brady* and *Giglio* material relevant to the witness was inadequate. *Id.* There "could be information contained in the Brady and Giglio material that will be necessary for the Defendants' complete and thorough cross-examination of this witness," reasoned the court, and "although the witness will be subject to direct and cross-examination, the Defendants will not have an opportunity to ask this witness additional questions after reviewing the evidence and hearing the other trial testimony." *Id.* So, "In order to ensure that this witness is properly examined and that no party suffers prejudice as a result of the pre-trial deposition ordered by this Court," it ordered the government to "produce *all* Brady and Giglio material to the Defendants prior to this deposition." *Id*. at *2 (emphasis added).

The same result should follow here. If Mr. Castle were to testify at the March 2, 2026 trial, Motta Law would have had access to all of the government's evidence produced as of February 9, 2026. However, considering his rapidly deteriorating health condition, Mr. Castle is not expected to survive until March 2026 – or even February 9, 2026, for that matter. Because Motta Law will not have another opportunity to ask Mr. Castle additional questions after reviewing the universe of evidence produced as of February 9, 2026, and because some of the government's *Brady* and *Giglio* material could contain information necessary for a complete and thorough examination, Motta Law asks this Court to follow *Sabhnani* and place it in the same informed position it would be in were Mr. Castle to testify at trial. This is not extraordinary relief, but equal footing.

Accordingly, to ensure that Mr. Castle is properly cross examined, that defendants do not suffer prejudice, and that defendants' constitutional due process rights are protected, Motta Law

respectfully requests that, if this Court orders the deposition of Mr. Castle, it also order that, in addition to the limited material contemplated by Rule 15(e)(3), the government produce *all* of the materials that Motta Law would have received as of February 9, 2026.

Respectfully submitted,

/s/ Sean M. Toomey
Sean M. Toomey (La. Bar #36055)
Ellen D. George (La. Bar #39891)
Zachary D. Berryman (La. Bar # 40278)
Dominic M. Berthelot (La. Bar No. 41159)
Hancock Whitney Center
701 Poydras Street, Suite 5000
New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108
Email: stoomey@liskow.com
egeorge@liskow.com
zberryman@liskow.com
dberthelot@liskow.com

**Attorneys for Defendants Vanessa Motta and Motta Law, LLC**

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 27th day of October, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

/s/ Sean M. Toomey