UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | DOCKET NO. 24-105 |
| | * | |
| VS | * | SECTION: "D" |
| | * | |
| VANESSA MOTTA, ET AL. | * | |

### VANESSA MOTTA'S REQUEST FOR RULE 17 SUBPOENAS

Rule 17 of the Federal Rules of Criminal Procedure subpoenas for witness testimony ("Rule 17 Subpoenas") are a crucial aspect of pretrial hearings. However, the Court has the power to ensure that Rule 17 Subpoenas are not used as a fishing expedition. *See Bowman Dairy Co. v. U.S.*, 341 U.S. 214 (1951). The application must set forth the name of the witness and the issue to which the testimony of the witness will be directed, including the substance of the testimony that the witness is expected to give or the facts to which the witness will testify. *See* 20 C.F.R. § 258.3.

In the instant matter, Motta requests two Rule 17 Subpoenas to compel two witnesses to testify at the hearing of the government's motion to introduce statements pursuant to the forfeiture by wrongdoing exception to the hearsay rule. These two witnesses are Bradley Egenberg and Ryan Harris. These witnesses are critical to vitiate the government's claim that Motta had the specific intent to make Cornelius Garrison unavailable to testify at trial. Upon information and belief, both are willing to testify at this hearing.

It should be noted that this motion was previously granted by the Court in connection with the original hearing date and this motion is simply a request to re-issue the subpoenas for the current hearing date, which is December 5, 2025. Rec. doc. 472.

Bradley Egenberg

Much of the government's position relies on the government's assertion that Motta's effort to secure legal representation for Garrison in connection with his notice of deposition was actually an effort to prevent him from testifying. That is not the case.

The government mischaracterizes Motta's efforts to secure independent counsel for Garrison in connection with a civil deposition in a completely unrelated case. In that case, which is not implicated in this indictment, Motta represented several individuals in a car accident in which Garrison was not a passenger. Despite the fact that Garrison was not involved with that accident, defense counsel served Garrison with a notice of deposition. In reaction, *Garrison reached out to Motta* – not the other way around – to seek guidance. To ensure Garrison had legal counsel to assist him in the deposition, she helped secure another attorney, Bradley Egenberg, to represent him. Importantly, if Motta was in a conspiracy with Garrison and did not want him to testify or, even more likely if that were the case (which it is not), wanted him to testify untruthfully to protect their conspiracy, she would have simply told him to do that herself. Instead, she secured another attorney to represent him, Mr. Egenberg, who had his own ethical duty to represent Garrison's interests, not Motta's interests.

If called to testify at the instant hearing, the scope of the questions asked of Mr. Egenberg will be his understanding of the purposes of his representation of Garrison and what he intended to do as counsel had his representation not been interrupted by the government. Upon first-hand information and belief, undersigned counsel expects Mr. Engenberg to testify under oath that he did *not* agree to corruptly represent Garrison, violate his ethical duties, and/or commit the federal crime of obstruction of justice.

<u>Ryan Harris</u>

The most significant piece of evidence the government relies upon to argue that Motta had the specific intent to make Garrison unavailable at trial is Ryan Harris' factual basis. Harris' factual basis refers to a purported meeting between Ryan Harris, Sean Alfortish, Leon Parker, and Motta where they all commented to Harris that "Garrison was a 'rat' and a 'snitch' and that it would be better if Garrison was dead." Rec. doc. 184. That meeting never took place and Motta never said that to Harris, or anyone, at any time.

If called to testify at the instant hearing, the scope of the questions asked of Harris will be the specifics of this purported meeting, which undersigned counsel does not believe took place. Cross examination will allow the Court to evaluate the veracity of his factual basis as to this meeting and the statements during that meeting he attributes to Motta.

Respectfully submitted,

/s/ *Sean M. Toomey*
Sean M. Toomey (Bar # 36055)
Ellen D. George (Bar # 39891)
Zachary D. Beryman (Bar # 40278)
Dominic Berthelot (Bar # 41159)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000 New Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

***Attorneys for Defendants Vanessa Motta and Motta Law LLC***

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of November, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Sean M. Toomey*

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **DOCKET NO. 24-105** |
| | * | |
| | * | |
| **VS** | * | **SECTION: "D"** |
| | * | |
| | * | |
| **VANESSA MOTTA, ET AL.** | * | |

## DEFENDANT'S REQUEST FOR RULE 17 SUBPOENAS

Please issue signed subpoenas as noted below, pursuant to Rule 17 of the Federal Rules of Criminal Procedure. I hereby certify that the number of subpoenas requested is in accordance with the Federal Rules of Criminal Procedure.

## SUBPOENAS TO TESTIFY

2 sets for hearing scheduled on December 5, 2025, set to begin at 9:00 a.m.

Respectfully submitted,
/s/ *Sean M. Toomey*
Sean M. Toomey (Bar # 36055)
Ellen D. George (Bar # 39891)
Zachary D. Beryman (Bar # 40278)
Dominic Berthelot (Bar # 41159)
**LISKOW & LEWIS**
701 Poydras Street, Suite 5000 New
Orleans, Louisiana 70139-5099
Telephone: (504) 581-7979
Facsimile: (504) 556-4108

*Attorneys for Defendants Vanessa Motta and Motta Law LLC*

-2-

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 19th day of November, 2025, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the court's electronic filing system.

*/s/ Sean M. Toomey*