**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                     **CRIMINAL ACTION**

**VERSUS**                                                        **NO. 24-105**

**VANESSA MOTTA, MOTTA LAW, LLC**         **SECTION: D (1)**
**JASON GILES, THE KING FIRM, LLC**
**DIAMINIKE STALBERT**

**FINAL JURY INSTRUCTIONS**

Members of the Jury:

In any jury trial there are, in effect, two judges. I am one of the judges; the other is the jury. It is my duty to preside over the trial and to decide what evidence is proper for your consideration. It is also my duty at the end of the trial to explain to you the rules of law that you must follow and apply in arriving at your verdict.

First, I will give you some general instructions which apply in every case, for example, instructions about the burden of proof and how to judge the believability of witnesses. Then I will give you some specific rules of law about this particular case. Finally, I will explain to you the procedures you should follow in your deliberations. Remember that you will have a written copy of these jury instructions, as well as the Preliminary Jury Instructions that I gave at the start of the trial, with you in the Jury Room.

**Duty to Follow Instructions**

You, as jurors, are the judges of the facts. But in determining what actually happened— that is, in reaching your decision as to the facts—it is your sworn duty to follow all of the rules of law as I explain them to you.

You have no right to disregard or give special attention to any one instruction, or to question the wisdom or correctness of any rule I may state to you. You must not substitute or follow your own notion or opinion as to what the law is or ought to be. It is your duty to apply the law as I explain it to you, regardless of the consequences.

It is also your duty to base your verdict solely upon the evidence, without prejudice or sympathy, and without consulting any outside or online source or materials. That was the promise you made and the oath you took before being accepted by the parties as jurors, and they have the right to expect nothing less.

**Presumption of Innocence, Burden of Proof, Reasonable Doubt**

The indictment or formal charge against a defendant is not evidence of guilt. Indeed, each defendant is presumed by the law to be innocent. The defendant begins with a clean slate. The law does not require a defendant to prove his or her innocence or produce any evidence at all and no inference whatever may be drawn from the election of a defendant not to testify.

The government has the burden of proving each defendant guilty beyond a reasonable doubt, and if it fails to do so, you must acquit the defendant. While the government's burden of proof is a strict or heavy burden, it is not necessary that the defendant's guilt be proved beyond all possible doubt. It is only required that the government's proof exclude any "reasonable doubt" concerning the defendant's guilt.

A "reasonable doubt" is a doubt based upon reason and common sense after careful and impartial consideration of all the evidence in the case. Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in making the most important decisions of your own affairs.

**Evidence – Excluding What is Not in Evidence**

As I told you earlier, it is your duty to determine the facts. To do so, you must consider only the evidence presented during the trial. Evidence is the sworn testimony of the witnesses, including stipulations, and the exhibits. The questions, statements, objections, and arguments made by the lawyers are not evidence.

The function of the lawyers is to point out those things that are most significant or most helpful to their side of the case, and in so doing to call your attention to certain facts or inferences that might otherwise escape your notice. In the final analysis, however, it is your own recollection and interpretation of the evidence that controls in the case. What the lawyers say is not binding upon you.

During the trial I sustained objections to certain questions and exhibits. You must disregard those questions and exhibits entirely. Do not speculate as to what the witness would have said if permitted to answer the question or as to the contents of an exhibit. Also, certain testimony or other evidence has been ordered removed from the record and you have been instructed to disregard this evidence. Do not consider any testimony or other evidence which has been removed from your consideration in reaching your decision. Your verdict must be based solely on the legally admissible evidence and testimony.

Also, do not assume from anything I may have done or said during the trial that I have any opinion concerning any of the issues in this case. Except for the instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own verdict.

**Evidence – Inferences – Direct and Circumstantial**

In considering the evidence, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts which have been established by the evidence.

Do not be concerned about whether evidence is "direct evidence" or "circumstantial evidence." You should consider and weigh all of the evidence that was presented to you.

"Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eyewitness. "Circumstantial evidence" is proof of a chain of events and circumstances indicating that something is or is not a fact.

The law makes no distinction between the weights to be given either direct or circumstantial evidence. But the law requires that you, after weighing all of the evidence, whether direct or circumstantial, be convinced of the guilt of the defendant beyond a reasonable doubt before you can find him or her guilty.

**Credibility of Witnesses**

I remind you that it is your job to decide whether the government has proved the guilt of each defendant beyond a reasonable doubt. In doing so, you must consider all of the evidence. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to the witness's testimony. An important part of your job will be making judgments about the testimony of the witnesses who testified in this case. You should decide whether you believe all, some part, or none of what each person had to say, and how important that testimony was. In making that decision I suggest that you ask yourself a few questions: Did the witness impress you as honest? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness have any relationship with either the government or the defense? Did the witness seem to have a good memory? Did the witness clearly see or hear the things about which he or she testified? Did the witness have the opportunity and ability to understand the questions clearly and answer them directly? Did the witness's testimony differ from the testimony of other witnesses? These are a few of the considerations that will help you determine the accuracy of what each witness said.

Your job is to think about the testimony of each witness you have heard and decide how much you believe of what each witness had to say. In making up your mind and reaching a verdict, do not make any decisions simply because there were more witnesses on one side than on the other. Do not reach a conclusion on a

6

particular point just because there were more witnesses testifying for one side on that point. You will always bear in mind that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**Impeachment by Prior Inconsistencies**

The testimony of a witness may be discredited by showing that the witness testified falsely, or by evidence that at some other time the witness said or did something, or failed to say or do something, which is inconsistent with the testimony the witness gave at this trial.

Earlier statements of a witness were not admitted in evidence to prove that the contents of those statements are true. You may not consider the earlier statements to prove that the content of an earlier statement is true; you may only use earlier statements to determine whether you think the earlier statements are consistent or inconsistent with the trial testimony of the witness and therefore whether they affect the credibility of that witness.

If you believe that a witness has been discredited in this manner, it is your exclusive right to give the testimony of that witness whatever weight you think it deserves.

**Impeachment by Prior Conviction**

You have heard that certain witnesses were convicted of crimes, and that some of those crimes involved staged accidents. Each witness testified as to their convictions. A conviction is a factor you may consider in deciding whether to believe that witness, but it does not necessarily destroy the witness's credibility. It has been brought to your attention only because you may wish to consider it when you decide whether you believe the witness's testimony. It is not evidence of anything else.

**Co-Conspirator – Informer – Immunity**

The testimony of an alleged co-conspirator, and/or the testimony of one who provides evidence against a defendant as an informer for pay, for immunity from punishment, or for personal advantage or vindication, must always be examined and weighed by the jury with greater care and caution than the testimony of ordinary witnesses. You, the jury, must decide whether the witness's testimony has been affected by these circumstances, by the witness's interest in the outcome of the case, by prejudice against a defendant, or by the benefits that the witness has received either financially or as a result of being immunized from prosecution. You should keep in mind that such testimony is always to be received with caution and weighed with great care.

You should never convict any defendant upon the unsupported testimony of such a witness unless you believe that testimony beyond a reasonable doubt.

You have heard testimony during the trial from witnesses Claude Kelly and FBI Special Agent Matthew Smith as to statements made by co-conspirator Cornelius Garrison. As I instructed you during the trial, the testimony of those witnesses as to Mr. Garrison's statements may only be considered by you as admissible evidence as to Vanessa Motta and Motta Law. They may not be considered by you as to any other defendants.

You have also heard testimony during the trial from other witnesses regarding statements made by co-conspirator Cornelius Garrison. Those statements may be considered by you as to any of the defendants on trial.

10

**Co-Conspirator – Co-Defendant – Plea Agreement**

In this case the government called as two of its witnesses alleged co-conspirators named as co-defendants in the indictment, Carl Morgan and Ryan Harris, with whom the government has entered into a plea agreement. You heard the details of their plea agreements. Such plea bargaining, as it is called, has been approved as lawful and proper, and is expressly provided for in the rules of this court.

An alleged co-conspirator, including one who has entered into a plea agreement with the government, is not prohibited from testifying. On the contrary, the testimony of such a witness may alone be of sufficient weight to sustain a verdict of guilty. You should keep in mind that such testimony is always to be received with caution and weighed with great care. You should never convict a defendant upon the unsupported testimony of an alleged co-conspirator unless you believe that testimony beyond a reasonable doubt.

The fact that a co-conspirator has entered a plea of guilty to the offense charged is not evidence of the guilt of any other person.

11

**On or About**

You will note that the indictment charges that the offenses were committed on or about a specified date. The government does not have to prove that the crime was committed on that exact date, so long as the government proves beyond a reasonable doubt that the defendant committed the crime on a date reasonably near the dates stated in the indictment.

**Venue – Generally**

In order for you to return a guilty verdict, the government must prove by a preponderance of the evidence that the offense charged was begun, continued, or completed in the Eastern District of Louisiana. Unlike the other elements of the offense, this is a fact that the government must prove only by a preponderance of the evidence. This means the government must convince you only that it is more likely than not that the offense charged was begun, continued, or completed in the Eastern District of Louisiana. All other elements of the offense must be proved beyond a reasonable doubt. You are instructed that Orleans Parish, including the City of New Orleans, and Jefferson Parish, including the City of Kenner, are located in the Eastern District of Louisiana.

**Caution – Consider Only Crime Charged**

You are here to decide whether the government has proved beyond a reasonable doubt that the defendants are guilty of the crime charged. The defendants are not on trial for any act, conduct, or offense not alleged in the indictment. Neither are you called upon to return a verdict as to the guilt of any other person or persons not on trial as a defendant in this case, except as you are otherwise instructed.

**Caution – Punishment**

If a defendant is found guilty, it will be my duty to decide what the punishment will be. You should not be concerned with punishment in any way. It should not enter your consideration or discussion.

**Multiple Defendants – Multiple Counts**

A separate crime is charged against one or more of the defendants in each count of the indictment. Each count, and the evidence pertaining to it, should be considered separately. The case of each defendant should be considered separately and individually. The fact that you may find one or more of the accused guilty or not guilty of any of the crimes charged should not control your verdict as to any other crime or any other defendant. You must give separate consideration to the evidence as to each defendant.

**Corporate Defendant Involved**

A juridical person is an entity to which the law attributes personality, such as a corporation, a partnership, or a limited liability company. The personality of a juridical person is distinct from that of its members. A corporation and all other persons are equal before the law and must be treated as equals in a court of justice. The Government has charged two such defendants: The King Firm, LLC and Motta Law, LLC. The Government has the burden of proving its case beyond a reasonable doubt as to each defendant, whether a corporate defendant or an individual.

**Identification Testimony**

In any criminal case the government must prove not only the essential elements of the offense or offenses charged, as hereafter defined, but must also prove, beyond a reasonable doubt, the identity of the defendant as the perpetrator of the alleged offense.

In evaluating the identification testimony of a witness, you should consider all of the factors already mentioned concerning your assessment of the credibility of any witness in general, and should also consider whether the witness had an adequate opportunity to observe the person in question at the time or times about which the witness testified. You may consider all matters, including the length of time the witness had to observe the person in question, the prevailing conditions at that time in terms of visibility or distance and the like, and whether the witness had known or observed the person at earlier times.

You may also consider the circumstances surrounding the identification itself including, for example, the manner in which the defendant was presented to the witness for identification and the length of time that elapsed between the incident in question and the next opportunity the witness had to observe the defendant.

If, after examining all of the testimony and evidence in the case, you have a reasonable doubt as to the identity of a defendant as the perpetrator of an offense charged, you must find the defendant not guilty.

**Materiality**

As used in these instructions, a representation, statement, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

The government can prove materiality in either of two ways:

First, a representation, statement, pretense, or promise is "material" if a reasonable person would attach importance to its existence or nonexistence in determining his or her choice of action in the transaction in question.

Second, a statement could be material, even though only an unreasonable person would rely on it, if the person who made the statement knew or had reason to know his or her victim was likely to rely on it.

In determining materiality, you should consider that the naiveté, carelessness, negligence, or stupidity of a victim does not excuse criminal conduct, if any, on the part of the defendant.

**"Knowingly" – To Act**

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally, not because of mistake or accident.

**"Willfully" – To Act**

The word "willfully," as that term has been used from time to time in these instructions, means that the defendant committed the act with knowledge that his or her conduct violated the law.

**Interstate Commerce – Defined**

Interstate commerce means commerce or travel between one state, territory or possession of the United States and another state, territory or possession of the United States, including the District of Columbia.

**Commerce – Defined**

Commerce includes travel, trade, transportation, and communications.

**"Affecting Commerce" – Defined**

"Affecting commerce" means that there is any effect at all on interstate or foreign commerce, however minimal.

**Transcript of Tape-Recorded Conversation**

Exhibits 004_002A, 004_003A, 054_001A, 054_002A, 054_003A, 054_004A, 054_006A, 054_007A, 054_008A, 054_009A, 054_011A, 055_022A, and Giles 9A have been identified as typewritten transcripts of the oral conversations which can be heard on the tape recordings received in evidence as Exhibits 004_002, 004_003, 054_001, 054_002, 054_003, 054_004, 054_006, 054_007, 054_008, 054_009, 054_011, 055_022, and Giles 9. The transcript also purports to identify the speakers engaged in such conversation.

I have admitted the transcript of any recordings for the limited and secondary purpose of aiding you in following the content of the conversation as you listen to the tape recording, and also to aid you in identifying the speakers.

Just as I instructed you during the trial, you are specifically instructed that whether the transcript correctly or incorrectly reflects the content of the conversation or the identity of the speakers is entirely for you to determine based upon your own evaluation of the testimony you have heard concerning the preparation of the transcript, and from your own examination of the transcript in relation to your hearing of the tape recording itself as the primary evidence of its own contents; and, if you should determine that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent. It is what you hear on the tape that is evidence, not the transcripts.

As to Exhibit 004_002 and Exhibit 004_003, the parties entered into the following stipulation, which was read into the record during trial: On November 10, 2020, an attorney who was previously representing Jason Giles and The King Firm,

LLC provided two audio recordings to the U.S. Attorney's Office. One recording was of Damian Labeaud which was recorded on November 16, 2017. The second recording was of Roderick Hickman which was recorded on October 19, 2020.

**Summaries and Charts Not Received in Evidence**

Certain charts and summaries have been shown to you during the attorneys' arguments solely as an aid to help explain the facts disclosed by evidence (testimony, records, and other documents) in the case. These charts and summaries are not admitted evidence or proof of any facts. You should determine the facts from the evidence that has been admitted.

**The instructions I just read are the general jury instructions.  The following instructions are specific to the offenses charged against each defendant in the Indictment in this case.**

Count 1 of the Indictment charges defendants **VANESSA MOTTA**, **MOTTA LAW, LLC**, **JASON F. GILES**, **THE KING FIRM, LLC**, and **DIAMINIKE F. STALBERT** with conspiracy to commit mail fraud and wire fraud in violation of 18 U.S.C. § 1349.

**Conspiracy to Commit Offense**

Title 18, United States Code, Section 1349, makes it a crime for two or more persons to conspire to commit an offense against the laws of the United States.

In Count 1 of the Indictment the defendants **Vanessa Motta**, **Motta Law, Llc**, **Jason F. Giles**, **The King Firm, Llc**, And **Diaminike F. Stalbert** are charged with conspiring to commit mail fraud and wire fraud.

A "conspiracy" is an agreement between two or more persons to join together to accomplish some unlawful purpose.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

*First*: That the defendant and at least one other person agreed to commit the crime of mail fraud and wire fraud, as charged in the indictment;

*Second*: That the defendant knew the unlawful purpose of the agreement; and

*Third:* That the defendant joined in the agreement willfully, that is, with the intent to further the unlawful purpose.

One may become a member of a conspiracy without knowing all the details of the unlawful scheme or the identities of all the other alleged conspirators. If a defendant understands the unlawful nature of a plan or scheme and knowingly and intentionally joins in that plan or scheme on one occasion, that is sufficient to convict him or her for conspiracy even though the defendant had not participated before and even though the defendant played only a minor part.

The government need not prove an overt act in furtherance of the conspiracy.

29

The government need not prove that the alleged conspirators entered into any formal agreement nor that they directly stated between themselves all the details of the scheme. Likewise, the government does not need to prove that all of the details of the scheme alleged in the indictment were actually agreed upon or carried out. Nor must it prove that all of the persons alleged to have been members of the conspiracy were such, or that the alleged conspirators actually succeeded in accomplishing their unlawful objectives.

Mere presence at the scene of an event, even with knowledge that a crime is being committed, or the mere fact that certain persons may have associated with each other and may have assembled together and discussed common aims and interests, does not necessarily establish proof of the existence of a conspiracy. Also, a person who has no knowledge of a conspiracy, but who happens to act in a way which advances some purpose of a conspiracy, does not thereby become a conspirator.

**Multiple Conspiracies**

You must determine whether the conspiracy charged in Count 1 of the indictment existed, and, if it did, whether the defendants were members of it. If you find that the conspiracy charged did not exist, then you must return a not guilty verdict, even though you find that some other conspiracy existed. If you find that a defendant was not a member of the conspiracy charged in the indictment, then you must find that defendant not guilty, even though that defendant may have been a member of some other conspiracy.

**Conspirator's Liability for Substantive Count**

A conspirator is responsible for offenses committed by other conspirators if the conspirators were members of the conspiracy when the offense was committed and if the offense was committed in furtherance of, and as a foreseeable consequence of, the conspiracy.

Therefore, if you have first found a defendant guilty of the conspiracy charged in Count 1, and, if you find beyond a reasonable doubt that, during the time the defendant was a member of that conspiracy, other conspirators committed the offenses in Counts 2, 4, and 5, both in furtherance of and as a foreseeable consequence of that conspiracy, then you may find the defendant guilty of Counts 2, 4, and 5, even though the defendant may not have participated in any of the acts which constitute the offenses described in Counts 2, 4, and 5.

Count 2 of the Indictment charges defendants **JASON F. GILES** and **THE KING FIRM** with mail fraud in violation of 18 U.S.C. §§ 1341 and 2.

Count 4 of the Indictment charges defendants **VANESSA MOTTA** and **MOTTA LAW, LLC** with mail fraud in violation of 18 U.S.C. §§ 1341 and 2.

Count 5 of the Indictment charges defendants **VANESSA MOTTA** and **MOTTA LAW, LLC** with mail fraud in violation of 18 U.S.C. §§ 1341 and 2.

**Mail Fraud: Money/Property (object of Count 1 conspiracy and substantive Counts 2, 4, and 5)**

Title 18, United States Code, Section 1341, makes it a crime for anyone to use the mails or any private or commercial interstate carrier in carrying out a scheme to defraud. **Jason Giles and The King Firm** have been charged with mail fraud in Count 2. **Vanessa Motta and Motta Law, LLC** have been charged with mail fraud in Count 4 and Count 5.

For you to find a defendant guilty of the crime of mail fraud, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise a scheme to defraud, that is, a scheme to obtain money and property from insurance companies and commercial vehicle companies by means of materially false and fraudulent pretenses, representations, and promises;

Second: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

Third: That the defendant mailed something or caused something to be sent or delivered through the United States Postal Service or a private or commercial interstate carrier for the purpose of executing such scheme or attempting so to do; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation, pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the mailed material or material sent by private or commercial interstate carrier was itself false or fraudulent, or that the use of the mail or a private or commercial interstate carrier was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proved beyond a reasonable doubt is that the use of the mails or private or commercial interstate carrier was closely related to the scheme because the defendant either mailed something or caused it to be mailed or the defendant either sent or delivered something or caused it to be sent or delivered by a private or commercial interstate carrier in an attempt to execute or carry out the scheme.

The alleged scheme need not actually have succeeded in defrauding anyone.

To "cause" the mails or private or commercial interstate carrier to be used is to do an act with knowledge that the use of the mails or private or commercial interstate carrier will follow in the ordinary course of business or where such use can reasonably be foreseen even though the defendant did not intend or request the mails or private or commercial interstate carrier to be used.

Each separate use of the mails or a private or commercial interstate carrier in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

**Wire Fraud: Money/Property (<u>object</u> of Count 1 conspiracy)**

Title 18, United States Code, Section 1343, makes it a crime for anyone to use interstate or foreign wire, radio, or television communications in carrying out a scheme to defraud.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant knowingly devised or intended to devise any scheme to defraud, that is, a scheme to obtain money and property from insurance companies and commercial vehicle companies by means of materially false and fraudulent pretenses, representations, and promises;

Second: That the scheme to defraud employed false material representations, false material pretenses, or false material promises;

Third: That the defendant transmitted or caused to be transmitted by way of wire, radio, or television communications, in interstate or foreign commerce, any writing, sign, signal, picture, or sound for the purpose of executing such scheme; and

Fourth: That the defendant acted with a specific intent to defraud.

A "scheme to defraud" means any plan, pattern, or course of action intended to deprive another of money or property or bring about some financial gain to the person engaged in the scheme.

A "specific intent to defraud" means a conscious, knowing intent to deceive and cheat someone.

A representation, pretense, or promise is "false" if it is known to be untrue or is made with reckless indifference as to its truth or falsity. A representation,

39

pretense, or promise would also be "false" if it constitutes a half truth, or effectively omits or conceals a material fact, provided it is made with the intent to defraud.

A representation, pretense, or promise is "material" if it has a natural tendency to influence, or is capable of influencing, the decision of the person or entity to which it is addressed.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme. What must be proved beyond a reasonable doubt is that the defendant knowingly devised or intended to devise a scheme to defraud by means of false or fraudulent pretenses, representations, or promises that was substantially the same as the one alleged in the indictment.

It is also not necessary that the government prove that the material transmitted by wire, radio, or television communications was itself false or fraudulent, or that the use of the interstate or foreign wire communications facilities was intended as the specific or exclusive means of accomplishing the alleged fraud. What must be proved beyond a reasonable doubt is that the use of the interstate or foreign wire communications facilities was closely related to the scheme because the defendant either wired something or caused it to be wired in interstate or foreign commerce in an attempt to execute or carry out the scheme.

The alleged scheme need not actually succeed in defrauding anyone.

To "cause" interstate or foreign wire, radio, or television communications facilities to be used is to do an act with knowledge that the use of the wire, radio, or

40

television communications facilities will follow in the ordinary course of business or where such use can reasonably be foreseen.

Each separate use of the interstate or foreign wire, radio, or television communications facilities in furtherance of a scheme to defraud by means of false or fraudulent pretenses, representations, or promises constitutes a separate offense.

Count 6 of the Indictment charges defendants **VANESSA MOTTA** and **MOTTA LAW, LLC** with obstruction of justice in violation of 18 U.S.C. §§ 1503(a) and 2.

Count 8 of the Indictment charges defendants **JASON F. GILES** and **THE KING FIRM, LLC** with obstruction of justice in violation of 18 U.S.C. §§ 1503(a) and 2.

**Obstruction of Justice (Counts 6 and 8)**

Title 18, United States Code, Section 1503, makes it a crime for anyone to corruptly influence, obstruct, or impede or endeavor to influence, obstruct, or impede the due administration of justice in connection with a pending judicial proceeding. **Vanessa Motta and Motta Law, LLC** have been charged with Obstruction of Justice in Count 6 of the Indictment. **Jason Giles and The King Firm** have been charged with Obstruction of Justice in Count 8 of the Indictment.

For you to find a defendant guilty of the crime of Obstruction of Justice, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That there was a proceeding pending before a federal court or grand jury;

Second: That the defendant knew of the pending judicial proceeding;

Third: That he or she influenced, obstructed, impeded or endeavored to influence, obstruct, or impede the due administration of justice in that proceeding; and

Fourth: That the defendant's act was done "corruptly," that is, the defendant acted knowingly and dishonestly, with the specific intent to subvert or undermine the due administration of justice.

The "due administration of justice" refers to the performance of acts required by law in the discharge of duties, such as appearing as a witness and giving truthful testimony when subpoenaed.

It is not necessary to show that the defendant was successful in achieving the forbidden objective, only that the defendant corruptly tried to achieve it in a manner

43

which he or she knew was likely to influence, obstruct, or impede the due administration of justice due to the natural and probable effect of the defendant's actions.

Count 7 of the Indictment charges defendants **VANESSA MOTTA** and **MOTTA LAW, LLC** with witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and 2.

**Witness Tampering (Count 7—Vanessa Motta and Motta Law, LLC)**

Title 18, United States Code, Section 1512(b)(1), makes it a crime for anyone to knowingly corruptly persuade another person, or to attempt to do so, with the intent to influence, delay, or prevent the testimony of any person in an official federal proceeding. **Vanessa Motta and Motta Law, LLC** have been charged with witness tampering.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant corruptly persuaded or attempted to corruptly persuade another person;

Second: That the defendant acted knowingly and with intent to influence, delay, or prevent the testimony of Cornelius Garrison with respect to the Grand Jury's investigation into the staged collision scheme, an official proceeding; and

Third: That the defendant knew or foresaw that the Grand Jury's investigation into the staged collision scheme was pending or was likely to be instituted.

An act is done "corruptly" if the defendant acted knowingly and dishonestly with the specific intent to subvert or undermine the due administration of justice.

To "act with intent to influence the testimony of a witness" means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way. However, the government is not required to prove the witness's testimony was, in fact, changed in any way.

"Official proceeding" means a proceeding before a judge or court of the United States or a federal Grand Jury.

46

The defendant has the burden of proving, by a preponderance of the evidence, that her conduct consisted solely of lawful conduct and that her sole intention was to encourage, induce, or cause the other person to testify truthfully.

Count 9 of the indictment charges defendants **JASON F. GILES** and **THE KING FIRM, LLC** with witness tampering in violation of 18 U.S.C. §§ 1512(b)(1) and 2.

**Witness Tampering (Count 9—Jason F. Giles and The King Firm, LLC)**

Title 18, United States Code, Section 1512(b)(1), makes it a crime for anyone to knowingly corruptly persuade another person, or to attempt to do so, and to knowingly engage in misleading conduct toward another person with the intent to influence, delay, or prevent the testimony of any person in an official federal proceeding. **Jason Giles and The King Firm** have been charged  with witness tampering.

For you to find a defendant guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant corruptly persuaded or attempted to corruptly persuade another person, or that the defendant engaged in misleading conduct toward another person;

Second: That the defendant acted knowingly and with intent to influence, delay, or prevent the testimony of Roderick Hickman with respect to the Grand Jury's investigation into the staged collision scheme, an official proceeding; and

Third: That the defendant knew or foresaw that the Grand Jury's investigation into the staged collision scheme was pending or was likely to be instituted.

An act is done "corruptly" if the defendant acted knowingly and dishonestly with the specific intent to subvert or undermine the due administration of justice.

The term "misleading conduct" means knowingly making a false statement; intentionally omitting information from a statement and thereby causing a portion of such statement to be misleading; intentionally concealing a material fact, and thereby creating a false impression by such statement; with intent to mislead,

49

knowingly submitting or inviting reliance on a writing or recording that is false, forged, altered, or otherwise lacking in authenticity; or knowingly using a trick, scheme, or device with intent to mislead.

To "act with intent to influence the testimony of a witness" means to act for the purpose of getting the witness to change, color, or shade his or her testimony in some way. However, the government is not required to prove the witness's testimony was, in fact, changed in any way.

"Official proceeding" means a proceeding before a judge or court of the United States or a federal Grand Jury.

The defendant has the burden of proving, by a preponderance of the evidence, that his conduct consisted solely of lawful conduct and that his sole intention was to encourage, induce, or cause the other person to testify truthfully.

**Unanimity of Theory**

You have been instructed that your verdict, whether it is guilty or not guilty, must be unanimous. The following instruction applies to the unanimity requirement as to Counts 9 and 10.

Count 9 of the indictment accuses Jason F. Giles and The King Firm, LLC, of committing the crime of witness tampering in two different ways:

The first is that the defendants knowingly corruptly persuaded Roderick Hickman and attempted to knowingly corruptly persuade Roderick Hickman with the intent to influence, delay, and prevent Hickman's testimony in an official proceeding, to wit, the Grand Jury's investigation into the staged collision scheme.

The second is that the defendants Jason Giles and The King Firm engaged in misleading conduct toward and attempted to engage in misleading conduct toward Roderick Hickman with the intent to influence, delay, and prevent Hickman's testimony in an official proceeding, to wit, the Grand Jury's investigation into the staged collision scheme.

The government does not have to prove both of these theories for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one theory is enough. But in order to return a guilty verdict, all of you must agree that the same one theory has been proved. All of you must agree that the government proved beyond a reasonable doubt that the defendants corruptly persuaded or attempted to corruptly persuade Hickman; or all of you must agree that the government proved beyond a

51

52

reasonable doubt that the defendants engaged in misleading conduct or attempted to engage in misleading conduct toward Hickman.

53

Count 10 of the Indictment charges defendant **DIAMINIKE F. STALBERT** with making false statements to federal agents in violation of 18 U.S.C. § 1001(a)(2).

**False Statements (Count 10 as to Diaminike Stalbert)**

Title 18, United States Code, Section 1001, makes it a crime for anyone to knowingly and willfully make a false or fraudulent statement in any matter within the jurisdiction of the executive, legislative, or judicial branch of the government of the United States.

For you to find the defendant **Diaminike Stalbert** guilty of this crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the defendant made a statement;

Second: That the statement was false, fictitious, or fraudulent;

Third: That the statement was material;

Fourth: That the defendant made the statement knowing that it was false;

Fifth: That the defendant made the false statement willfully for the purpose of misleading the Special Agents of the Federal Bureau of Investigation; and

Sixth: That the statement pertained to a matter within the jurisdiction of the Federal Bureau of Investigation, part of the executive branch of the United States government.

A statement is material if it has a natural tendency to influence, or is capable of influencing, a decision of the Federal Bureau of Investigation.

It is not necessary to show that the Federal Bureau of Investigation was in fact misled.

54

**Unanimity of Theory**

Count 10 of the indictment accuses Diaminike F. Stalbert of committing the crime of making false statements to federal agents in three different ways:

The first is that the defendant Ms. Stalbert willfully and knowingly made materially false, fictitious, and fraudulent statements and representations to Special Agents with the Federal Bureau of Investigation in a matter within the jurisdiction of the executive branch of the United States, to wit, that she had never taken part in a staged automobile collision.

The second is that the defendant Ms. Stalbert willfully and knowingly made materially false, fictitious, and fraudulent statements and representations to Special Agents with the Federal Bureau of Investigation in a matter within the jurisdiction of the executive branch of the United States, to wit, that she did not recognize anyone in a video of a staged collision on September 6, 2017.

The third is that the defendant Ms. Stalbert willfully and knowingly made materially false, fictitious, and fraudulent statements and representations to Special Agents with the Federal Bureau of Investigation in a matter within the jurisdiction of the executive branch of the United States, to wit, that she never used a certain phone number ending in 4996.

The government does not have to prove all of these for you to return a guilty verdict on this charge. Proof beyond a reasonable doubt on one of these theories is enough. But in order to return a guilty verdict, all of you must agree that the same one theory has been proved. All of you must agree that the government proved beyond

55

a reasonable doubt that the defendant made a false statement that she had never taken part in a staged automobile collision; or all of you must agree that the government proved beyond a reasonable doubt that the defendant Ms. Stalbert made a false statement that she did not recognize anyone in a video of a staged collision on September 6, 2017; or all of you must agree that the government proved beyond a reasonable doubt that the defendant made a false statement that she never used a certain phone number ending in 4996.

**Aiding and Abetting (Agency)**

The guilt of a defendant in a criminal case may be established without proof that the defendant personally did every act constituting the offense alleged. The law recognizes that, ordinarily, anything a person can do for himself or herself may also be accomplished by him or her through the direction of another person as his or her agent, or by acting in concert with, or under the direction of another person or persons in a joint effort or enterprise.

If another person is acting under the direction of the defendant or if the defendant joins another person and performs acts with the intent to commit a crime, then the law holds the defendant responsible for the acts and conduct of such other persons just as though the defendant had committed the acts or engaged in such conduct.

Before any defendant may be held criminally responsible for the acts of others, it is necessary that the accused deliberately associate himself or herself in some way with the crime and participate in it with the intent to bring about the crime.

Mere presence at the scene of a crime and knowledge that a crime is being committed are not sufficient to establish that a defendant either directed or aided and abetted the crime unless you find beyond a reasonable doubt that the defendant was a participant and not merely a knowing spectator.

In other words, you may not find any defendant guilty unless you find beyond a reasonable doubt that every element of the offense as defined in these instructions was committed by some person or persons, and that the defendant voluntarily participated in its commission with the intent to violate the law.

For you to find the defendant guilty of aiding and abetting a crime, you must be convinced that the government has proved each of the following beyond a reasonable doubt:

First: That the offense of mail fraud, obstruction of justice, or witness tampering was committed by some person;

Second: That the defendant associated with the criminal venture;

Third: That the defendant purposefully participated in the criminal venture; and

Fourth: That the defendant sought by action to make that venture successful.

"To associate with the criminal venture" means that the defendant shared the criminal intent of the principal. This element cannot be established if the defendant had no knowledge of the principal's criminal venture.

"To participate in the criminal venture" means that the defendant engaged in some affirmative conduct designed to aid the venture or assist the principal of the crime. Though the defendant must share the same criminal intent for the crime as the principal, his or her aid may relate to only one of the crime's phases or elements.

**Good Faith**

One of the issues in this case is whether the defendants acted in good faith. Good faith is a complete defense to the crimes of mail and wire fraud if the defendants did not act with the intent to defraud, which is an element of the charge. A defendant is not required to prove good faith. The Government must prove intent to defraud beyond a reasonable doubt.

The essence of the good faith defense is that one who acts with honest intentions cannot be convicted of a crime requiring fraudulent intent. The phrase "good faith" includes, among other things, an opinion or belief honestly held, even if the opinion is in error or the belief is mistaken. However, even though a defendant held a certain opinion or belief, a defendant does not act in good faith if he or she also knowingly made false or fraudulent representations or promises or otherwise acted with the intent to defraud or deceive another.

**Duty to Deliberate**

To reach a verdict, whether it is guilty or not guilty, all of you must agree. Your verdict must be unanimous on each count of the indictment.

It is your duty to consult with one another and to deliberate in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after an impartial consideration of the evidence with your fellow jurors. Recall, you must base your verdict solely on the evidence, testimony, and stipulations at trial and not on any outside or online material or source. Do not let any bias, sympathy, or prejudice that you may feel toward one side or the other influence your decision in any way. In particular, do not let racial, ethnic, national origin, or other bias influence your decision in any way. During your deliberations, do not hesitate to reexamine your own opinions and change your mind if convinced that you were wrong. But do not give up your honest beliefs as to the weight or effect of the evidence solely because the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times, you are judges—judges of the facts. Your duty is to decide whether the government has proved the defendant guilty beyond a reasonable doubt.

When you go to the jury room, the first thing that you should do is select one of your number as your foreperson, who will help to guide your deliberations and will speak for you here in the courtroom.

A verdict form has been prepared for your convenience.

(Judge to explain Verdict Form.)

The foreperson will write the unanimous answer of the jury in the space provided for each count of the indictment, either guilty or not guilty. At the conclusion of your deliberations, the foreperson should date and sign the verdict.

If you need to communicate with me during your deliberations, the foreperson should write the message and give it to the court security officer. I will either reply in writing or bring you back into the court to answer your message.

Bear in mind that you are never to reveal to any person, not even to the court, how the jury stands, numerically or otherwise, on any count of the indictment, until after you have reached a unanimous verdict. You may now retire to the Jury Room to begin your deliberations.